IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

NICHOLAS SAMPSON,                )
                                 )
              Plaintiff,          )              8:07CV155
                                 )
       v.                        )
                                 )
INVESTIGATOR WILLIAM LAMBERT,    )
in his official and individual capacities,   )
INVESTIGATOR CHARLES             )
O'CALLAGHAN, in his official and  )
individual capacities, SERGEANT  )              MEMORANDUM AND ORDER
SANDY WEYERS, in her official and )
individual capacities, CASS COUNTY )
SHERIFF'S OFFICE, a Nebraska     )
political subdivision, DOES 1-10, in their )
official and individual capacities, and   )
INVESTIGATOR EARL SCHENCK, in    )
his official and individual capacities,  )
                                 )
              Defendants.         )
_____    )

        This matter is before the court on motions to dismiss filed by the following parties:

defendants William Lambert and Charles O'Callaghan, Filing No. 15; defendants Cass

County Sheriff's Office and defendant Does 1 through 10, Filing No. 22; and defendants

Earl Schenck and Sandy Weyers, Filing No. 24, 34 & 48.  This is an action for deprivation

of constitutional rights brought pursuant to 42 U.S.C. § 1983.

        In his complaint, plaintiff alleges violations of his rights under the First, Fourth, Fifth,

Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution.  He contends

he was wrongfully arrested and held in jail for five months as a pretrial detainee on two

charges of capital murder.  In the complaint, plaintiff alleges that defendants engineered

a false case against him, interviewed him in custody without *Miranda* warnings, coerced

a confession from a codefendant with threats and intimidation, withheld evidence of the subsequent recantation of the confession, and made misrepresentations to defense counsel and to the court. Plaintiff has sued the individual defendants in their official and in their individual capacities and seeks damages and injunctive relief. Defendants Schenck and Weyers are alleged to be agents and employees of the Cass County Sheriff's Office and defendants Lambert and O'Callaghan are alleged to be employees of the Nebraska State Patrol. Defendants Does 1-10 are also alleged to be employees of the Cass County Sheriff's Office.

Defendants Lambert and O'Callaghan move to dismiss for lack of subject matter jurisdiction, contending that sovereign immunity bars plaintiff's claim. They also move for dismissal for improper service of process under Fed. R. Civ. P. 12(b)(5). Defendant Cass County Sheriff's Office asserts that it is not an entity subject to suit, that it is not subject to liability under a theory of respondeat superior, and that plaintiff has failed to allege a custom or policy of the county to support its claim. Defendants Does 1-10 contend that the plaintiff has failed to allege any facts against them. Defendants Schenck and Weyers move to dismiss in both their individual and official capacities. They contend that the complaint fails to allege a cognizable legal theory or sufficient facts in order to establish their liability as employees of Cass County. In their individual capacities, they assert that the court lacks personal jurisdiction and move to dismiss based on improper service of process.

**I. Law**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules

2

require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, — , 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, — , 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x. 534, 535 (8th Cir. 2007). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic,* — U.S. at —,127 S. Ct. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

3

The law imposes civil liability on any person who "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Although a plaintiff faces no heightened pleading standard in alleging liability under § 1983, a complaint must, at a minimum, contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir. 1998). To state a claim under § 1983, a plaintiff must allege an act performed under color of state law that resulted in a constitutional injury. *Id.* To hold a political subdivision liable for the deprivation of a constitutional right under color of law, the plaintiff must identify either an official policy or a widespread custom or practice that caused the plaintiff's injury. *Id.* Under 42 U.S.C. § 1983, a defendant may not be held liable on principles of vicarious liability or respondeat superior for constitutional injuries allegedly inflicted by employees. *Shrum ex rel. Kelly v. Kluck*, 249 F.3d 773, 778 (8th Cir. 2001). Similarly, supervisor liability under § 1983 must be based on some form of actual and direct participation in the constitutional violation. *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002).

A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity. *Hafer v. Melo,* 502 U.S. 21, 27, 30-31 (1991) (stating "the distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device"). Because suits against state officials in their official capacity should be treated as suits against the state, the entity's "policy or custom" must have played a part in the violation of federal law. *Id.* at 362-63. The only immunities available to the

defendant in an official-capacity action are those that the governmental entity possesses. *Id.* at 263.   Only states and arms of the state possess sovereign immunity from suits authorized by federal law.   *Northern Ins. Co. of New York v. Chatham County, Ga.,* 547 U.S. 189, 193 (2006).   The Supreme Court has repeatedly refused to extend sovereign immunity to counties.   *Id.*

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law."   *Id.*   The plaintiff need not allege a governmental "policy or custom" in a personal capacity suit.   *See id.*   The Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability for damages on state officials under § 1983.   *Id. at 30-31.*

Officials sued in their personal capacities, unlike those sued in their official capacities, may assert the defense of qualified immunity.   *Id.*   Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were nevertheless objectively reasonable in light of the clearly established law at the time of the events in question.   *Anderson v. Creighton,* 483 U.S. 635, 638-41 (1987).   Qualified immunity is an affirmative defense to be found in a motion to dismiss only when the immunity can be established on the face of the complaint.   *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996).

The qualified immunity analysis is a two-step process.   *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997).   "The threshold question is whether the plaintiff has alleged the violation of a constitutional right." *Id.* If so, the court determines whether that right was "clearly established" at the time of the alleged violation.   *Id.*   This is a flexible standard and is to be applied to a particular

5

defendant's conduct based on the applicable legal principles. *Id.* "Qualified immunity is usually raised by a motion for summary judgment after a limited amount of discovery has been conducted to determine whether defendants acted objectively in a reasonable manner and whether a plaintiff's rights were clearly established at the time of the alleged deprivation." *Id.* at 1309. Courts take a broad view of what constitutes "clearly established" under the qualified immunity analysis and the test will favor a plaintiff when the test is based solely on the allegations in the complaint. *Id.*

Accepting the allegations in the complaint as true, the court finds that plaintiff has stated a claim for the deprivation of a constitutional right. Eleventh Amendment immunity has no application to this case. At this early stage of the litigation, the defendants have not shown they are entitled to qualified immunity for their alleged actions. The court concludes that plaintiff has sufficiently alleged that the defendant county's acts were pursuant to a custom or policy for purposes of a 12(b)(6) motion. The defendants' contentions with respect to improper venue are without merit. The plaintiff substantially complied with requirements for service of process and defendants had actual notice of the suit. Accordingly, defendants' motions to dismiss will be denied.

IT IS ORDERED that defendants' motions to dismiss, Filing Nos. 15, 22, 24, 34 & 48, are denied.

DATED this 5th day of February, 2008.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

6