IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICHOLAS SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court *sua sponte*.

It has come to the court's attention this matter is related to a later-filed case. Both **Nicholas Sampson v. Earl Schenck**, et al., 8:07CV155, and **Matthew Livers v. Earl Schenk, et al.**, 8:08CV107, arise from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska. Both plaintiffs allege the investigation was characterized by police misconduct including coercion of the plaintiffs and witnesses, fabrication of evidence and concealment of exculpatory evidence. Based on the investigation, the plaintiffs allege false murder charges were filed against the plaintiffs and they were incarcerated for over five months. Both plaintiffs allege claims against the defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983.[1] **See** Filing No. 1 in 8:08CV107 - Livers Complaint; and Filing No. 1 in 8:07CV155 - Sampson Complaint. The named defendants in both cases are the same. In the **Livers** case, the defendants stated the two cases should be consolidated for discovery. **See** Filing No. 40 in case 8:08CV107 - Report of Parties Planning Report p. 9. The court has reviewed the filings in both cases and it appears the cases may be consolidated, at least for discovery, pursuant to Fed. R. Civ. P. 42(a), as both cases arise out of the same set of facts and are based on similar allegations. See *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). However, the plaintiff in this case shall have an opportunity to object. Upon consideration,

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue unlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

**IT IS ORDERED:**

The plaintiff shall have to **on or before June 27, 2008**, to show cause why ***Nicholas Sampson v. Earl Schenck***, et al., 8:07CV155, and ***Matthew Livers v. Earl Schenk, et al.***, 8:08CV107 should not be consolidated for purposes of discovery only.

DATED this 12th day of June, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge