## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICHOLAS SAMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:07CV155 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **EARL SCHENCK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on the defendants William Lambert and Charles O'Callaghan's Motion to Amend Their Answer Instanter (Filing No. 66).[1] These defendants seek leave to amend their answer to include a defense which was inadvertently omitted. Specifically, these defendants raised the issue of sovereign immunity in a motion to dismiss, but failed to specifically include that defense in their answer. The moving defendants filed the Amended Answer on the same day as the motion. **See** Filing No. 69.

The plaintiff filed the instant action on April 25, 2007. **See** Filing No. 1. After the moving defendants' motion to dismiss was denied, they filed an answer on February 20, 2008. **See** Filing No. 53. The answer lists a number of affirmative defenses, but does not raise any counterclaims, crossclaims or third-party claims. Further, the court did not require the plaintiff to respond to the answer under Fed. R. Civ. P. 7(a)(7). The trial is tentatively set for the month of March 2009. **See** Filing No. 56.

Federal Rule of Civil Procedure 15 provides:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue unlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

> (2)   Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Since no responsive pleading was allowed, the moving defendants would have had twenty days to amend the answer as a matter of course.  The defendants did not make the amendment as a matter of course in accordance with the federal rules.  Accordingly, the defendants were required to either obtain the opposing party's written consent or obtain leave of court.  The moving defendants did not obtain the opposing party's written consent.

Pursuant to Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules):

> A party who moves for leave to amend a pleading (including a request to add parties) shall file as an attachment to the motion an unsigned copy of the proposed amended pleading.  Except as provided in these rules or by leave of court, the proposed amended pleading must be a complete pleading which, if allowed to be filed, supersedes the pleading amended in all respects; no portion of the prior pleading may be incorporated into the proposed amended pleading by reference.  The motion for leave to amend shall set forth specifically the amendments proposed to be made to the original pleading, state whether the motion is unopposed, and identify the amendments in the proposed amended pleading.

NECivR 15.1(a).

Furthermore,

> The granting of the motion for leave to amend does not constitute filing of the amended pleading. The party to whom the court grants leave to amend must then file the amended pleading, after leave is given.

NECivR 15.1(c).

The moving defendants failed to comply with the Nebraska Civil Rules in several respects.  First, the moving defendants failed to state whether the motion was unopposed.  Second, the moving defendants failed to file an unsigned proposed amended answer attached to the motion.  Third, the defendants filed a signed, dated Amended Answer, as if leave had been given.  Although the court has been apprised of the nature of the

amendment, the manner in which the amended answer was filed will likely create confusion in the record. Additionally, the moving defendants' failure to confer with opposing counsel likely causes unnecessary delay and court involvement in this action. Finally, pursuant to NECivR 15.1(c), the court will not grant a motion to amend and have the amended pleading filed *instanter*, as requested by the moving defendants. Upon consideration,

**IT IS ORDERED:**

1. The defendants William Lambert and Charles O'Callaghan's Motion to Amend Their Answer Instanter (Filing No. 66) is denied, without prejudice.

2. The Clerk of Court shall strike Filing No. 69 titled "AMENDED ANSWER."

3. If William Lambert and Charles O'Callaghan wish to pursue filing an amended answer they shall file a motion in compliance with the Nebraska Civil Rules or obtain written consent from the opposing party.

DATED this 13th day of June, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge