# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICHOLAS SAMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| and | ) | |
| | ) | |
| **MATTHEW LIVERS,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **EARL SCHENCK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

It has come to the court's attention this matter is related to a later-filed case. Both ***Nicholas Sampson v. Earl Schenck***, et al., 8:07CV155, and ***Matthew Livers v. Earl Schenk, et al.***, 8:08CV107, arise from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska. Both plaintiffs allege the investigation was characterized by police misconduct including coercion of the plaintiffs and witnesses, fabrication of evidence and concealment of exculpatory evidence. Based on the investigation, the plaintiffs allege false murder charges were filed against the plaintiffs and they were incarcerated for over five months. Both plaintiffs allege claims against the defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983.[1]  **See** Filing No. 1 in 8:08CV107 - Livers Complaint; and Filing No. 1 in 8:07CV155 - Sampson Complaint. The named defendants in both cases are the same. In the ***Livers*** case, the defendants stated the two cases should be consolidated for discovery. **See** Filing No. 40 in case 8:08CV107 - Report of Parties Planning Report p. 9. The court has reviewed the filings in both cases and it appears the cases may be consolidated, at least for discovery,

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

pursuant to Fed. R. Civ. P. 42(a), as both cases arise out of the same set of facts and are based on similar allegations. See *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). The plaintiff in the *Sampson* case was given an opportunity to object to consolidation, but did not.  Upon consideration,

**IT IS ORDERED:**

1. *Nicholas Sampson v. Earl Schenck*, et al., 8:07CV155, and *Matthew Livers v. Earl Schenk, et al.*, 8:08CV107 are hereby consolidated for purposes of discovery only.

2. Counsel shall conduct discovery as if these consolidated cases All future filings related to discovery shall contain the consolidated case caption, which appears on this order, and shall be served on counsel in both cases as described below.

3. Case No. 8:07CV155 is hereby designated as the "Lead Case."  Case No. 8:08CV107 is hereby designated as the "Member Case."

4. The court's CM/ECF System now has the capacity for "spreading" text among the consolidated cases.  If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases.  To this end, the parties are instructed to file all further documents (except those described in paragraph 4) in the Lead Case, No.8:07CV155, and to select the option "yes" in response to the System's question whether to spread the text.

5. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

6. If a party believes that an item in addition to those described in paragraph 4 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

DATED this 30th day of June, 2008.

                                                      BY THE COURT:

                                                     s/Thomas D. Thalken
                                                    United States Magistrate Judge