# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICHOLAS SAMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:07CV155** |
| | ) | |
| and | ) | |
| | ) | |
| **MATTHEW LIVERS,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:08CV107** |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **EARL SCHENCK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on three related motions filed by the parties. Initially, the plaintiffs filed a motion for extension of time (Filing No. 112) of six months to respond to the defendants' motions for summary judgment (Filing Nos. 103 and 106).[1] The plaintiffs seek the additional time to review and expand discovery related to issues raised in the dispositive motions. In response to the plaintiffs' motion, the defendants Earl Schenk and Sandy Weyers filed a motion to stay discovery and further proceedings (Filing No. 113) pending the outcome of the defendants' motions as they relate to the issue of qualified immunity. The defendants filed a brief (Filing No. 114) in support of the motion to stay. The plaintiff Matthew Livers (Livers) filed a motion to stay briefing of the defendants' motions for summary judgment until the close of discovery (Filing No. 115). Livers's attorney attached an affidavit (Filing No. 115-2) to the motion describing the discovery needed prior to filing a response to the defendants' motions for summary judgment. The defendants opposed the plaintiffs' motions with a joint brief (Filing No. 117) and an index of evidence (Filing No. 118). Livers filed a reply brief (Filing No. 126) in support of the motion to stay briefing. The plaintiffs each filed a brief (Filing Nos. 121 and 124) and Nicholas Sampson (Sampson) filed an index of evidence (Filing No. 127) in opposition to

---

[1] All documents referenced in this opinion were filed in both cases, however each filing number refers to the document filed in case number 8:07CV155 only.

the defendants' motion to stay. The defendants filed two separate reply briefs, one brief on behalf of William Lambert and Charles O'Callaghan (Filing No. 128) and one brief on behalf of Earl Schenk and Sandy Weyers (Filing No. 129). The court will address the motions together below.

## BACKGROUND

The plaintiff Nicholas Sampson filed the instant action on April 25, 2007. **See** Filing No. 1. After the moving defendants' motion to dismiss was denied, they filed an answer on February 20, 2008. **See** Filing No. 53. The answer lists a number of affirmative defenses. Briefly, the plaintiffs alleges violations of their rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution. The cases arise from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska. Both plaintiffs allege the investigation was characterized by police misconduct including coercion of the plaintiffs and witnesses, fabrication of evidence and concealment of exculpatory evidence. Based on the investigation, the plaintiffs allege false murder charges were filed against the plaintiffs and they were incarcerated for over five months. **See** Filing No. 1 in 8:08CV107 - Livers Complaint; and Filing No. 1 in 8:07CV155 - Sampson Complaint.

On June 30, 2008, the cases were consolidated for purposes of discovery. **See** Filing No. 78. Trials for the two cases were tentatively set for the month of March 2009. **See** Filing No. 56. The October 23, 2008 planning conference was continued pending the briefing and outcome of these motions.

The plaintiffs initially sought an extension of time of six months to respond to the defendants' motions for summary judgment. The plaintiffs state the nature of the discovery, including over 8,000 written pages, with inconsistent statements, and 2,100 photographs, necessitates additional time and discovery. Further, the plaintiffs contend discovery disputes are slowing the process. Finally, the plaintiffs state several depositions are necessary prior to filing oppositions to the motions for summary judgment, however the deponents and counsel are dispersed within and outside the state of Nebraska. Subsequent to the initial motion, Livers moved to stay the response date until the

completion of all discovery pursuant to Fed. R. Civ. P. 56(f). Livers's motion is based on many of the arguments previously made by the plaintiffs. Additionally, Livers argues the motions for summary judgment based on qualified immunity rely in large part on the factual assertions made by the defendants regarding interrogations and other facets of the investigation. The motions for summary judgment were filed at the outset of discovery. For this reason, the plaintiffs have not yet been afforded an opportunity to acquire the necessary materials to respond appropriately to the dispositive motions.

In contrast to the plaintiffs' motions, the defendants seek a stay of all discovery pending the outcome of their motions for summary judgment. The defendants state the plaintiffs have not been forthcoming with discovery responses, but in any event, their motions for summary judgment based on qualified immunity were timely filed by deadlines imposed by the court. The defendants outline the information they have provided to the plaintiffs and argue such discovery obviates the need for additional pre-summary judgment response discovery. Further, the defendants contend the discovery responses provided by the plaintiffs show the lack of disputed material facts. Finally, the defendants contend the plaintiffs should have had evidence of constitutional violations before they filed their lawsuits, rather than conducting a fishing expedition afterward. According to the defendants such actions by the plaintiffs makes it clear the claims are baseless.

## ANALYSIS

Generally, "qualified immunity operates to protect governmental officials from both the burdens of trial and discovery. However, if the plaintiffs' allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity." *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (**citing** *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). The discovery allowed at this stage, however, must be "limited to circumstances surrounding the question of qualified immunity." *Lovelace v. Delo*, 47 F.3d at 288. The case as presented by the parties thus far appears to be the type where discovery is appropriate to determine the actions taken by the parties. However, the

plaintiffs have made insufficient showing to allow the completion of all discovery prior to determining the merits of the motions for summary judgment based on qualified immunity. Accordingly, the court will allow limited discovery to enable the plaintiffs to respond to the defendants' actual motions for summary judgment.

Although the parties noted various discovery disputes in their papers, such disputes are not ripe for a determination by this court.  However, in view of the parties' arguments, any future motion by a plaintiff seeking discovery shall be filed in accordance with the local and federal rules regarding motions to compel.  Additionally, if the plaintiffs seek to compel certain discovery, the plaintiffs shall make a showing the discovery is relevant to the defendants' motions for summary judgment by reference to how the specific information sought may be used to rebut the specific legal and factual contentions made in the defendants' motions.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Extension of Time (Filing No. 112) is granted as set forth herein.

2. The defendants' Motion to Stay Discovery and Further Proceedings (Filing No. 113) is denied.

3. Matthew Livers' Motion to Stay Briefing of Defendants' Motions for Summary Judgment Until the Close of Discovery (Filing No. 115) is denied.

4. The parties may continue to engage in discovery on any issue raised in the defendants' motions for summary judgment.

5. The plaintiffs shall have **until March 27, 2009**, to file any oppositions to the defendants' motions for summary judgment (Filing Nos. 103 and 106).

DATED this 17th day of December, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
 United States Magistrate Judge