IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICHOLAS SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| and | ) | |
| | ) | |
| MATTHEW LIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV107 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Nicholas Sampson's Motion for Severance (Filing No. 136).[1] Sampson filed a brief (Filing No. 138) and an index of evidence (Filing No. 137) in support of the motion. In response, Matthew Livers filed a brief (Filing No. 140) and a Motion to Vacate Stipulated Protective Order and for Entry of a Substantively Identical Protective Order in the *Livers* Case Only (Filing No. 141) with counsel's affidavit attached. No other party participated in briefing these motions.

**BACKGROUND**

The plaintiff Nicholas Sampson filed the instant action on April 25, 2007. **See** Filing No. 1. The plaintiff Matthew Livers filed his action on March 11, 2008. **See** Filing No. 1 in 8:08CV107 - Livers Complaint; After the moving defendants' motion to dismiss was denied, they filed an answer on February 20, 2008. **See** Filing No. 53. Briefly, the plaintiffs allege violations of their rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution. The cases arise from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska. Both plaintiffs allege the investigation was characterized by police misconduct including coercion of the plaintiffs and witnesses, fabrication of evidence and concealment of exculpatory

---

[1] All documents referenced in this opinion were filed in both cases, however each filing number refers to the document filed in case number 8:07CV155 only.

evidence. Based on the investigation including a confession, later recanted, by Livers, the plaintiffs allege false murder charges were filed against the plaintiffs and they were incarcerated for over five months. **See** Filing No. 1 in 8:08CV107 - Livers Complaint; and Filing No. 1 in 8:07CV155 - Sampson Complaint.

On June 30, 2008, the cases were consolidated for purposes of discovery. **See** Filing No. 78. Consolidation was based on a motion filed by Livers, but was unopposed by Sampson. Sampson says he originally believed consolidation would allow discovery to proceed in a spirit of cooperation. However, Sampson now states there is conflict between counsel regarding sharing information. Further, Sampson argues there are differences in the facts of the cases as they affect the plaintiffs, which facts are likely to impact the pace and order of discovery. For example, Sampson states he must depose (or interview) Livers prior to the depositions of the defendants, but has been unable to do so. As a second example, Sampson states he did not agree to the protective order submitted by Livers, however, Livers represented to the court that the protective order was a joint submission. Sampson contends counsels' disagreements regarding a discovery plan are serious. Sampson argues "each plaintiff's divergent interests would deprive the other of full discovery and preparation, and would thus prejudice the other's substantial rights." **See** Filing No. 136 - Motion p. 5.

Livers does not oppose severance of the two cases. Livers states Sampson's motion unfairly characterizes Livers' position on several matters. However, Livers states his best interest would be served by severing the two cases. Additionally, based on Sampson's comments regarding the protective order, Livers proposes striking the protective order previously entered and issuing a protective order only in the Livers case.

## ANALYSIS

These cases were consolidated for discovery, not trial. Both plaintiffs now seek to separate the cases for discovery. The named defendants in both cases are the same. The defendants did not respond to this motion to sever. However, in the *Livers* case, the defendants stated the two cases should be consolidated for discovery. **See** Filing No. 40 in case 8:08CV107 - Report of Parties Planning Report p. 9.

These cases arise out of the same set of facts and are based on similar allegations. Pursuant to Fed. R. Civ. P. 42(a), the cases were consolidated for discovery to facilitate such discovery and avoid unnecessary cost or delay.  **See** *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998).  However, it is clear the consolidation of these cases for discovery will not meet that end.  Ordinarily the fact that counsel are unable to collaborate effectively during discovery would not justify cleaving one case into two.  However, counsel believe their differences of opinion will actually impair the plaintiffs' positions in their individual lawsuits.  Accordingly, the court will grant Sampson's motion.  The two cases shall proceed through discovery and trial separately.

Progression of each case will be scheduled after resolution of the pending motions for summary judgment.  All orders entered in both cases will remain in effect unless specifically modified or superseded.  The November 21, 2008 stipulated protective order (Filing No. 135) remains in effect in both cases.  Since Sampson did not file a timely objection or motion to modify the protective order, the court will not strike the document, which the defendants have relied upon to this point.  Accordingly, Livers' motion to strike will be denied.  Upon consideration,

**IT IS ORDERED:**

1. Nicholas Sampson's Motion for Severance (Filing No. 136) is granted.

2. ***Nicholas Sampson v. Earl Schenck***, et al., 8:07CV155, and ***Matthew Livers v. Earl Schenk, et al.***, 8:08CV107 are no longer consolidated for any reason.

3. The Clerk of Court shall amend the docket to reflect a consolidation order no longer governs these cases.

4. The Clerk of Court shall terminate Filing No. 149 as a pending motion in case 8:07CV155 (the motion remains pending as Filing No. 121 in case 8:08CV107).

5. Matthew Livers' Motion to Vacate Stipulated Protective Order and for Entry of a Substantively Identical Protective Order in the Livers Case Only (Filing No. 141) is denied.

DATED this 29th day of December, 2008.

BY THE COURT:
 s/ Thomas D. Thalken
United States Magistrate Judge