## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICHOLAS SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the defendants Earl Schenck (Schenck) and Sandy Weyers' (Weyers) Motion to Quash Deposition Notices (Filing Nos. 155 [sic] and 163)[1] and Subpoena Served by Plaintiff or in the Alternative, Motion for Protective Order (Filing No. 172). Schenck and Weyers filed a brief (Filing No. 174), a reply brief (Filing No. 177) and an index of evidence (Filing No. 173) in support of the motion. The plaintiff filed a brief (Filing No. 176) in opposition to the motion. No other party participated in the briefing of this motion.

## BACKGROUND

This case arises from an investigation into the April 17, 2006 murders of Wayne and Sharmon Stock in Murdock, Nebraska. **See** Filing No. 1 Complaint p. 4 ¶ 9. The plaintiff alleges he was unconstitutionally arrested, imprisoned and prosecuted for these murders which he did not commit. *Id.* p. 1. The plaintiff alleges his arrest was based on a coerced confession made by his cousin, Matthew Livers (Livers), who is mentally impaired. *Id.* p. 1-2. Additionally, the plaintiff alleges the defendants willfully ignored or concealed the physical, documentary and testimonial evidence, including DNA evidence, Livers' recantation and the actual murderers' confessions, showing the defendant could not have committed the crime. *Id.* p. 1-2. The plaintiff spent over five months in jail facing capital murder charges. *Id.* p. 2. On October 6, 2006, the Cass County Attorney voluntarily

---

[1] The notices at issue are Filing No. 161 - Notice of Videotaped 30(b)(6) Deposition of Cass County, and Filing No. 163 - Notice of Videotaped Deposition for Nathan Cox.

dismissed the charges against the plaintiff, however he continues to suffer negative effects based on the charges. *Id.*

On April 25, 2007, the plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments to the U.S. Constitution. **See** Filing No. 1 Complaint. The plaintiff alleges the investigation into the Stock murders was characterized by police misconduct including coercion of the witnesses, fabrication of evidence and concealment of exculpatory evidence. *Id.* In particular the plaintiff claims the defendants: (a) falsely arrested and maliciously prosecuted the plaintiff based on unreliable and faulty techniques and procurement of unreliable and fabricated evidence (Count I); (b) engaged in a conspiracy to violate the plaintiff's rights (Count II); suppressed exculpatory evidence (Count III); and that Cass County had policies, practices and customs which operated to deprive the plaintiff of his constitutional rights (Count IV). *Id.* Relevant to the instant motion, in Count III, the plaintiff claims all of the defendants are liable to him for concealing Livers' recantation, specifically, in addition to other unmentioned evidence. **See** Filing No. 1 Complaint p. 18-19 ¶¶ 45-46. Failure to provide this exculpatory evidence resulted in the plaintiff's lengthy and unnecessary incarceration, as well as other damages, according to the plaintiff. **See** *id.*

The defendants include certain Cass County and Nebraska State Patrol investigators who led the investigation into the April 17, 2006 murders. **See** Filing No. 1 Complaint p. 1, 3. The defendant Schenck was an investigator in the Cass County Sheriff's Office (CCSO) and Weyers was a Sergeant in the CCSO. *Id.* p. 3. The defendants William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan) were Nebraska State Patrol (NSP) investigators. *Id.* On June 17, 2008, Lambert and O'Callaghan filed an amended answer denying liability. **See** Filing No. 74. After the Cass County defendants' motion to dismiss was denied, they filed an answer on February 15, 2008. **See** Filing No. 52.

Livers was also arrested for the April 17, 2006 murders and has filed suit against the defendants. **See** *Matthew Livers v. Earl Schenck*, et al., 8:08CV107 - Filing No. 1 Livers Complaint. On June 30, 2008, the plaintiff's case was consolidated with the Livers case

for purposes of discovery. **See** Filing No. 78. However, on December 29, 2008, these cases were unconsolidated. **See** Filing No. 159.

The defendants filed motions for summary judgment at the outset of discovery based on qualified immunity. **See** Filing Nos. 103 and 106. Despite an objection by the plaintiff, the defendants sought a stay of discovery. However, the court granted the plaintiff leave to conduct discovery limited to the issues raised in the defendants' motions for summary judgment. **See** Filing No. 155 - Dec. 17, 2008 Order. The plaintiff has until March 27, 2009, to complete any relevant discovery and respond to the defendants' motions for summary judgment. ***Id.***

The movants filed the instant motion to quash in both their individual and official capacities and will be referred to as the Cass County defendants. The Cass County defendants contend the deposition notice for the Rule 30(b)(6) deposition exceeds the limited discovery allowed in this case because it relates to the policies and procedures regarding police practices and investigations, which is not the subject of the Cass County defendants' pending motion for summary judgment. **See** Filing No. 172 - Motion p. 2. Similarly, the Cass County defendants argue conducting a deposition of the Cass County Attorney would exceed the scope of limited discovery because Mr. Cox is not a defendant in this case, Mr. Cox offered no evidence in support of the defendants' motion for summary judgment, and Mr. Cox enjoys absolute prosecutorial immunity. ***Id.*** p. 2-3. Additionally, the Cass County defendants assert attorney-client privilege with respect to any communications between them and the Cass County Attorney's Office. ***Id.*** p. 3. Finally, the Cass County defendants state Mr. Cox will claim certain materials are protected subject to the work-product doctrine. ***Id.*** p. 4.

The plaintiff contends that because the defendants make factual assertions in their motion for summary judgment, the plaintiff is entitled to challenge those facts by comparing the assertions with Cass County Sheriff's Office's policies and procedures. Further, the plaintiff argues that if the defendants deny concealing or fabricating evidence, then the plaintiff should be able to accuse the Cass County Attorney of concealing and/or fabricating evidence. The plaintiff fails to address the Cass County defendants' arguments based on privilege.

On January 22, 2009, the plaintiff filed a Notice of Videotaped 30(b)(6) Deposition. **See** Filing No. 161. The 30(b)(6) Notice instructs Cass County to direct someone to testify on its behalf who is "most knowledgeable in the subject matter of Cass County policies and procedures regarding police practices and investigations." *Id.* Also on January 22, 2009, the plaintiff filed a Notice of Videotaped Deposition regarding the deposition of Nathan Cox, the Cass County Attorney. **See** Filing No. 163. The plaintiff served Mr. Cox with a subpoena for the deposition, but did not describe the testimony sought or request any documents be produced. **See** Filing No. 173 - Ex. B. Both depositions were noticed to occur on February 18, 2009, at the Cass County Courthouse in Plattsmouth, Nebraska.

The Cass County defendants filed the instant motion to quash on January 30, 2009. **See** Filing No. 172. In conjunction with a telephone conference between the court and counsel for the parties, the parties moved the depositions to March 10, 2009. The Cass County defendants now suggest that if the depositions are had, they be held at the courthouse in Omaha, Nebraska, to facilitate the resolution of any disputes which may arise. **See** Filing No. 177 - Reply p. 13.

## ANALYSIS

The Cass County Defendants seek to quash the depositions at issue on two bases. First, the Cass County Defendants rely on Fed. R. Civ. P. 45(c)(3). Under Rule 45(c)(3), and relevant here, the court may quash or modify a subpoena that requires disclosure of privileged matter or subjects a person to undue burden. *Id.* The court need not reach the issue of privilege or burden, however, unless the information sought is discoverable pursuant to Fed. R. Civ. P. 26. Accordingly, the court will address the Cass County Defendants' second argument first.

Second, the Cass County Defendants seek a protective order pursuant to Fed. R. Civ. P. 26(c), arguing the information sought exceeds the limits of discovery at this time. An order protecting disclosure or discovery is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2**, 197 F.3d 922, 926 (8th Cir. 1999).* In order to

make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (**quoting** 8 C. Wright & A. Miller, Federal Practice & Procedure § 2035, p. 265 (1970)); *Miscellaneous Docket Matter*, 197 F.3d at 926. Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted. **See** *Frideres v. Schiltz*, 150 F.R.D. 153, 156 (S.D. Iowa 1993). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (**citing** *United States v. Kordel*, 397 U.S. 1, 4-5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim. Relevance in this instance is additionally limited to the arguments raised in the defendants' motions for summary judgment, based on the court's earlier order limiting discovery. If a matter is relevant, the court must determine if the matter is subject to a privilege precluding discovery, or if the court should otherwise use its discretion to limit discovery.

A.      **Relevance**

Generally, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984). The Cass County defendants argue the information sought through the depositions at issue is not relevant to the defendants' motions for summary judgment. The court will address each notice separately.


1.      **30(b)(6) Notice**

The Cass County defendants contend the customs, policies and practices of Cass County are not at issue in the defendants' motions for summary judgment. **See** Filing No. 174 - Brief p. 2. The Cass County defendants argue their summary judgment motion raises issues related only to the officers acting in their individual capacities. *Id.* Based on the scope of the motion for summary judgment, the Cass County defendants assert the information sought in the 30(b)(6) Notice is beyond the limits set by this court on December 17, 2008, for discovery. *Id.*; **see also** Filing No. 155 - Dec. 17, 2008 Order.

The plaintiff contends the information sought through the 30(b)(6) deposition is relevant because "wherever Defendants have made factual representations, Plaintiff should be able to explore whether those factual representations are true." **See** Filing No. 176 - Brief p. 9-10. Generally, the plaintiff argues the defendants, in the motions for summary judgment, have alleged they relied on their own good faith, compliance with appropriate police practices and deference to the Cass County Attorney's Office. *Id.* p. 10. More specifically, the plaintiff cites to the Cass County defendants' summary judgment brief where they describe the process of the investigation of the Stock murders and state:

- the defendants "routinely prepare reports and rely upon their reports and the reports of other deputies employed at [CCSO]."  **See** Filing No. 107 - SJ Brief p. 10 ¶ 11.
- the investigators "used techniques which were intended to elicit the truth from Matt Livers . . . .   The interview techniques . . . are ones [the investigators] used before on suspects who are known to be lying to law enforcement officers."  ***Id.*** p. 14-15 ¶ 21.
- "The investigation into the Stock homicide continued for months after the arrest of [Livers] and [Sampson].   The investigatory team was focused on locating persons with knowledge about the Stock homicide and finding the truth."  ***Id.*** p. 19 ¶ 30.
- "Because the investigators had multiple suspects and witnesses who failed polygraph exams in the investigation, it took law enforcement officers months to piece together the evidence."  ***Id.*** p. 21 ¶ 33.

The plaintiff contends he should be able to determine whether the officers' actions were consistent or inconsistent with Cass County policies and procedures, and obtain more information about the techniques used and the investigators' training.  **See** Filing No. 176 - Brief p. 6-7.  In particular, the plaintiff argues he is entitled to know, through a Cass County 30(b)(6) witness, whether concealing evidence, particularly Livers' recanting of his confession, is consistent with Cass County policies.  ***Id.*** p. 9.  The plaintiff references the interrogations of Jessica Reid and Greg Fester, both of whom were ultimately convicted of the Stock murders, in addition to the interrogation of Livers.  ***Id.*** p. 8.  The plaintiff also argues he can ascertain the accuracy of the Cass County defendants' factual statements through a Cass County 30(b)(6) witness.  ***Id.*** p. 7-8.  Further, the plaintiff contends violations of the Cass County policies and practices would be evidence the investigators knew their actions violated the rights of citizens.  ***Id.*** p. 9.

The Cass County defendants deny the policies, if complied with or not, are relevant to the pending motion for summary judgment.  **See** Filing No. 177 - Reply p. 1-2.  Specifically, the Cass County defendants contend a violation of the polices, standing alone, would not be actionable or provide the basis for a constitutional violation under 42 U.S.C.

§ 1983.  *Id.* p. 2.  Further, the Cass County defendants argue discovery related to the polices would not result in any information material to the plaintiff's pending claims against the individual defendants.  *Id.*  Additionally, the Cass County defendants contend the plaintiff lacks standing to contest any conduct associated with Livers' confession violated the constitution.  *Id.* p. 3-5. Moreover, neither the confession, nor any other evidence, was used against the plaintiff in a criminal trial because the charges against the plaintiff were dismissed.  *Id.* p. 6-7.  Accordingly, the Cass County defendants assert the plaintiff should not be permitted to elicit any information regarding polices about interrogation, at a minimum.  *Id.* p. 7.

The plaintiff fails to meet his burden of showing the a 30(b)(6) deposition as noticed is relevant to the Cass County defendants' motion for summary judgment.  The Cass County defendants do not rely, in their motion, on an adherence to policy as an excuse or explanation for their conduct.  Rather, the Cass County defendants merely describe the actions they took and argue such actions do not constitute a violation of the plaintiff's rights under constitutional law.  Further, questioning a witness about Cass County polices, procedures and practices will not assist the plaintiff in determining whether the factual allegations made by these defendants about their specific conduct are accurate.  For these reasons, the court finds the plaintiff's 30(b)(6) Notice exceeds the limit on discovery in this case.  Accordingly, the Cass County defendants have shown good cause exists to protect the defendants from  the plaintiff's 30(b)(6) Notice.


### 2.    Mr. Cox's Notice

The Cass County defendants contend the January 22, 2009 notice of deposition and related subpoena for Cass County Attorney Nathan Cox should be quashed or modified. The Cass County defendants argue Mr. Cox can provide no testimony relevant to the defendants motions for summary judgment because he is not a party and he provided no evidence on behalf of the defendants in support of summary judgment.  **See** Filing No. 172 - Motion p. 2-3.

In response, the plaintiff argues the defendants rely, in their summary judgment papers, on the proposition that the defendants had no authority to release the plaintiff from

his incarceration after charges had been filed. **See** Filing No. 176 - Brief p. 4-5 (**citing** Filing No. 107 - SJ Brief p. 5 and p. 21-22 ¶ 35). Additionally, the Cass County defendants claimed to have kept the prosecution team updated on the status of the murder investigation. *Id.* p. 5 (**citing** Filing No. 107 - SJ Brief p. 19-20 ¶ 31). Based on these factual and legal assertions made by the Cass County defendants, the plaintiff agues:

> This is another factual representation that deserves exploration, as Defendants chose to make this representation in support of a legal conclusion that the prosecutor's involvement washes clean any misconduct by Defendants. We need to discovery [sic] whether that factual representation is true – whether Nathan Cox will take responsibility for the concealment of evidence from the criminal defense team, for the manufacture of evidence, and for the ***Brady*** violations.

**See** Filing No. 176 - Brief p. 5

The plaintiff's theory is that the defendants violated the plaintiff's constitutional rights by failing to timely disclose exculpatory evidence to the Cass County Attorney and by manufacturing false evidence. A failure to disclose exculpatory evidence may make the defendants instrumental in the plaintiff's continued incarceration. Accordingly, the plaintiff seeks an opportunity to determine when the defendants presented certain evidence to the Cass County Attorney. *Id.* p. 5. In addition, the plaintiff seeks to determine "[i]f that misconduct happened on Nathan Cox's orders, SAMPSON has to discover how and why; but if it didn't happen on Nathan Cox's orders, SAMPSON has to discover that too." *Id.*

The court finds the information sought by the plaintiff from Mr. Cox is relevant to this case and, more narrowly, to the defendants' motions for summary judgment, in some respects. The information sought may support (or contradict) the plaintiff's claim alleging the defendants withheld exculpatory evidence from others. Further, the information sought may support (or contradict) the defendants' argument that they are shielded from liability on the claim by virtue of prosecutorial discretion. However, the plaintiff's stated reason for deposing Mr. Cox to determine whether he will take responsibility for concealing or manufacturing evidence is not relevant to the defendants' motions for summary judgment. Because the deposition of Mr. Cox is relevant in some respects, the court now turns to the issue of privilege.

## B.    Privilege

A person opposing production of documents based on privilege or seeking protection for documents which are trial-preparation materials has the burden of establishing the privilege applies.  Fed. R. Civ. P. 45(d)(2)(A).; **see** *State ex rel. Stivrins v. Flowers*, 729 N.W.2d 311, 341 (Neb. 2007).  Specifically, the person asserting privilege "must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, [or] communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."  Fed. R. Civ. P. 45(d)(2)(A).  Rule 501 of the Federal Rules of Evidence governs privileges in the federal courts.  Generally, privileges are "governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."  Fed. R. Evid. 501.  While federal common law applies, the parties rely mostly on applicable Nebraska law, which will be addressed below.

The attorney-client privilege is governed by Nebraska statute.  Specifically, "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client."  Neb. Rev. Stat. § 27-503(3).  Under the statute, client is defined as "a person, public officer, or corporation, association, or other organization or entity, either public or private, who is rendered professional legal services by a lawyer, or who consults a lawyer with a view to obtaining professional legal services from him."  § 27-503(1)(a).  Communications are not confidential if "intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication."  § 27-503(1)(d).  In addition, the Public Records Act allows withholding of "[r]ecords which represent the work product of an attorney and the public body involved which are related to preparation for litigation, labor negotiations, or claims made by or against the public body or which are confidential communications as defined in section 27-503."  Neb. Rev. Stat. § 84-712.05(4).  These principles are the same as the law governing federal privilege analysis.  **See** *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 609 (8th Cir. 1978) (en banc).

10

The Cass County defendants contend an attorney-client privilege exists between the law enforcement investigators and the county attorney. They argue the county attorney acts on behalf of the county and the state, when filing criminal charges, thus functioning as an arm of the executive branch of government. **See** *Polikov v. Neth*, 699 N.W.2d 802, 808 (2005); **see** Neb. Rev. Stat. § 23-1201(1). A county attorney may also serve as counsel for the governmental entity and its employees. **See** Neb. Rev. Stat. § 23-1201(2). The Cass County defendants assert public employees, the investigators, were communicating with the Cass County Attorney's Office on matters within the scope of their employment and were aware the communications were being provided to legal counsel for the purpose of obtaining legal advice about criminal charges against the plaintiff. **See** Filing No. 174 - Brief p. 3-4; Filing No. 177 - Reply p. 10-12.

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn v. United States*, 449 U.S. 383, 389 (1981). Unlike the corporate employees communicating with counsel to obtain legal services for the corporation, the defendant investigators cannot be considered clients of the Cass County Attorney's Office under the circumstances present. The Cass County Attorney's Office does not render legal services to the investigators in the context of pursuing criminal charges against a third-party. **See** *Doubleday v. Ruh* 149 F.R.D. 601, 605 (E.D. Cal. 1993) (finding no work-product privilege existed for lack of a client relationship). Furthermore, the communications in this context are not the type considered confidential because the communications are intended to be made public by virtue of prosecuting the suspect. Accordingly, the attorney-client privilege and the Public Records Act , Neb. Rev. Stat. § 84-712.05(4), do not apply. Therefore, the Cass County defendants' objection to plaintiff's issuance of a subpoena on the basis of attorney-client privilege is overruled.

Even assuming, however, an attorney-client privilege applied to the documents sought by the plaintiff based on the Cass County defendants being clients who could assert such privilege, the Cass County defendants have waived the privilege by placing the subject of the communications at issue in this lawsuit. **See** *Pamida, Inc. v. E.S. Originals,*

*Inc.*, 281 F.3d 726, 731-32 (8th Cir. 2002) (finding implied waiver where asserting party had place communication at issue in lawsuit); **see also** *United States v. Bauer*, 551 F.3d 786, 792 (8th Cir. 2008) (privilege waived, however also noting communications not protected when meant for public disclosure in any event).

## C.   Investigatory Records Exception

The Cass County defendants argue the Public Records Act provides an exemption to disclosure of the requested documents because the documents constitute investigation files.  **See** Filing No. 177 - Reply p. 10-12.  The Public Records Act applies to "citizens of [Nebraska], and all other persons interested in the examination of the public records." Neb. Rev. Stat. § 84-712.   "[P]ublic records include all records and documents . . . belonging to this state, any county, . . . or any agency, branch, [or] department . . . of any of the foregoing."  Neb. Rev. Stat. § 84-712.01.  Public records may be withheld under certain enumerated circumstances and the Public Records Act states in pertinent part:

> The following records, unless publicly disclosed in an open court, open administrative proceeding, or open meeting or disclosed by a public entity pursuant to its duties, may be withheld from the public by the lawful custodian of the records:
>
> * * *
>
> (5)    Records developed or received by law enforcement agencies and other public bodies charged with duties of investigation or examination of persons, . . . when the records constitute a part of the examination, investigation, intelligence information, citizen complaints or inquiries, informant identification, or strategic or tactical information used in law enforcement training . . .

Neb. Rev. Stat. § 84-712.05.

Records are "disclosed" within the meaning of this section only where "a public body has, in its official capacity, already made [the records] available to the general public." *State ex rel. Neb. Health Care Ass'n v. Dep't of Health & Human Serv. Fin. & Support*, 587 N.W.2d 100, 108 (Neb. 1998).

It appears the Cass County defendants refer to Neb. Rev. Stat. § 84-712.05 only for the general proposition that Nebraska recognizes limited protection for "the work product of government attorneys and communications to and from a government attorney by investigating law enforcement agencies should be protected from public view." **See** Filing No. 177 - Reply p. 11. Specifically, the Nebraska Supreme Court held that when the information requested consists of records in the possession of the Attorney General's Office concerning an investigation and prosecution of the requester, such information is excluded from review, by subsection 5 of the Public Records Act, § 84-712.05. **See *State ex rel. Sileven v. Spire*, 500 N.W.2d 179, 183 (1993)** (Sileven). In ***Sileven***, the requester was facing federal criminal charges and sought documents from the Attorney General's Office related to an investigation into related violations of state law. *Id.* at 181-82. The ***Sileven*** court determined the requested file did not consist of discoverable criminal history materials as defined under state statue, Neb. Rev. Stat. § 29-3506. *Id.* at 183. ***Sileven*** is distinguishable from the case at bar because the plaintiff here is no longer facing criminal charges of any kind. The plaintiff is challenging the underlying criminal investigation, not as a defendant, but by raising federal claims under 42 U.S.C. § 1983. Since this is a federal question case rather than a diversity case, the action is predicated on federal law, embodying federal policies. After consideration of the federal and state interests and other factors involved in this matter, the court finds the investigatory records exception is inapplicable. **See *Jones v. City of Indianapolis*, 216 F.R.D. 440, 443-44 (S.D. Ind. 2003)** (listing ten factors for consideration in balancing the public interest in protecting police investigations against the needs of civil rights plaintiffs).

In any event, it is the Cass County defendants' burden to show a privilege exists to protect documents under the state statute. However, the Cass County defendants have failed to show the investigation information sought by the plaintiff has not previously been disclosed. In fact, the Cass County defendants specifically do argue much of the information sought is discoverable from a source other than the Cass County Attorney's Office. **See** Filing No. 177 - Reply p. 12. If there are previously undisclosed documents, it remains the Cass County defendants' burden to show such documents fall under the protection of the statute. The Cass County defendants have failed to meet the burden with

respect to the communications at issue.  Accordingly, the Cass County defendants' motion to quash based on the investigatory records exception is denied.

**D.      Duplicative Documents**

"A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."  Fed. R. Civ. P. 45(c)(1).  The Cass County defendants contend the plaintiff previously issued numerous subpoenas and has obtained "thousands of pages of records from the named defendants and hundreds of hours of dvds and cds containing the same information [currently] requested."  **See** Filing No. 177 - Reply p. 12.  The Cass County defendants argue the plaintiff has no need to review duplicate copies of discovery, the production of which would be a burden on the Cass County Attorney's Office. *Id.*  The plaintiff did not respond to this argument.

However, the Cass County defendants fail to meet their burden of showing the subpoena would impose an undue burden or expense on the Cass County Attorney's Office.  However, there is no reason for the plaintiff to obtain identical information from more than one source.  The court will not limit the scope of the subpoena based on the possibility there may be some duplication.  Additionally, deposition testimony may be materially different from document production.  Based on the clear limitations for the deposition, the court finds no reason to require it to take place in Omaha, Nebraska.  Upon consideration,

**IT IS ORDERED:**

Earl Schenck and Sandy Weyers' Motion to Quash Deposition Notices (Filing Nos. 155 [sic] and 163) and Subpoena Served by Plaintiff or in the Alternative, Motion for Protective Order (Filing No. 172) is granted in part and denied in part.

1.      The plaintiff's January 22, 2009 Notice of Videotaped 30(b)(6) Deposition (Filing No. 161) is hereby quashed.

2.      The Cass County defendants' motion is denied with regard to the notice of deposition (Filing No. 163) and subpoena (Filing No. 173 - Ex. B) for deposition of Mr. Cox with regard to testimony to determine when the

14

defendants presented certain evidence to the Cass County Attorney.  In all other respects, the Cass County defendants' motion is granted and the plaintiff may not inquire into other areas.

### ADMONITION

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 23rd day of February, 2009.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge