IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICHOLAS SAMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **EARL SCHENCK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion to Identify Does and for Leave to File Amended Complaint (Filing No. 209). The plaintiff filed the proposed amended complaint (Filing No. 209 Ex. 1) with the motion. The current defendants filed a brief (Filing No. 210) and an index of evidence (Filing No. 211) in opposition to the motion. The plaintiff filed a brief (Filing No. 221) and an index of evidence (Filing No. 222) in reply.

## BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. **See** Filing No. 1 Complaint p. 4 ¶ 9. The plaintiff alleges he was unconstitutionally arrested, imprisoned, and prosecuted for these murders, which he did not commit. *Id.* p. 1. The plaintiff alleges his arrest was based on a coerced confession made by his cousin, Matthew Livers (Livers), who is mentally impaired. *Id.* p. 1-2. Additionally, the plaintiff alleges the defendants willfully ignored or concealed the physical, documentary and testimonial evidence, including DNA evidence, Livers' recantation and the actual murderers' confessions, showing the defendant could not have committed the crime. *Id.* p. 1-2. The plaintiff spent over five months in jail facing capital murder charges. *Id.* p. 2. On October 6, 2006, the Cass County Attorney voluntarily dismissed the charges against the plaintiff, however the plaintiff continues to suffer negative effects based on the charges. *Id.*

On April 25, 2007, the plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the U.S. Constitution.  **See** Filing No. 1 Complaint.  The plaintiff alleges the investigation into the Stocks' murders was characterized by police misconduct including coercion of the witnesses, fabrication of evidence, and concealment of exculpatory evidence.  *Id.*  In particular, the plaintiff claims the defendants: (a) falsely arrested and maliciously prosecuted the plaintiff based on unreliable and faulty techniques and procurement of unreliable and fabricated evidence (Count I); (b) engaged in a conspiracy to violate the plaintiff's rights (Count II); suppressed exculpatory evidence (Count III); and that Cass County had policies, practices and customs which operated to deprive the plaintiff of his constitutional rights (Count IV).  *Id.*  The defendants' conduct resulted in the plaintiff's lengthy and unnecessary incarceration and other damages, according to the plaintiff.  **See** *id.*

The defendants include certain Cass County and Nebraska State Patrol investigators who led the investigation into the April 17, 2006, murders, based on their individual conduct.  **See** Filing No. 1 Complaint p. 1, 3.  The defendant Investigator Earl Schenck was an investigator and the defendant Sergeant Sandy Weyers was a Sergeant in the Cass County Sheriff's Office (CCSO).  *Id.* p. 3.  The defendants William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan) were Nebraska State Patrol (NSP) investigators.  *Id.*  On June 17, 2008, Lambert and O'Callaghan filed an amended answer denying liability.  **See** Filing No. 74.  After the Cass County defendants' motion to dismiss was denied, they filed an answer on February 15, 2008.  **See** Filing No. 52.

Livers was also arrested for the April 17, 2006 murders and has filed suit against the defendants.  **See** *Matthew Livers v. Earl Schenck*, et al., 8:08CV107 - Filing No. 1 Livers Complaint.  On June 30, 2008, the plaintiff's case was consolidated with the Livers case for purposes of discovery.  **See** Filing No. 78.  However, on December 29, 2008, these cases were unconsolidated.  **See** Filing No. 159.

At the outset of discovery, the defendants filed motions for summary judgment based on qualified immunity.  **See** Filing Nos. 103 and 106.  The parties have engaged in discovery limited to the issues raised in the defendants' motions for summary judgment.

**See** Filing No. 155 - Dec. 17, 2008 Order.  The plaintiff has not yet filed a response to the defendants' motions for summary judgment.

On April 8, 2008, the court entered a progression order setting the deadline of June 30, 2008, for the plaintiff to amend the complaint or add parties.  **See** Filing No. 56.  The court has not imposed a discovery deadline in this case.  Similarly, this case has not yet been scheduled to trial.

On April 26, 2009, the plaintiff filed the instant motion to amend.  **See** Filing No. 209.  The plaintiff seeks to amend the complaint to add two defendants in place of previously unnamed "Doe" defendants.  The two new named defendants are Commander David Kofoed of the Douglas County Sheriff's Office (DCSO) Crime Scene Investigation Division (Commander Kofoed) and the DCSO, itself.  The plaintiff contends the timing of the motion to amend is due, in part, to the recent, April 22, 2009, indictment of Commander Kofoed by the U.S. Attorney's Office.  The Indictment alleges Commander Kofoed deprived the plaintiff of his civil rights with actions taken by Commander Kofoed during the course of the Stocks' homicide investigation.  **See** Filing No. 1 in Case 8:09CR142 (Count I).  Commander Kofoed's conduct relates to the collection, storage, and reporting of blood evidence implicating the plaintiff in the homicides.  The plaintiff's proposed amendments add Commander Kofoed and DCSO to claims previously asserted against the other defendants based on Commander Kofoed's alleged conduct.  The plaintiff also seeks to add these defendants in a separate claim, Count V, for violating the plaintiff's constitutional rights based on Commander Kofoed's conduct and DCSO policies and procedures.  **See** Filing No. 209, Ex. 1 p. 21-31.  The plaintiff argues he could not have brought claims against the proposed defendants any earlier because the allegations are based on discovery, as recent as April and May 2009, obtained after the deadline to amend pleadings had passed.

The plaintiff further contends the proposed amendments, if allowed, would not unduly prejudice the current defendants because the claims against all defendants overlap and arise from the same set of events.  The plaintiff argues that rather than unfair prejudice, the claims are interrelated such that the current defendants "accepted and ratified" Commander Kofoed's findings.  **See** Filing No. 221 - Reply p. 1-5.  In any event,

the plaintiff argues evidence of Commander Kofoed's conduct is relevant to the current defendants' motions for summary judgment, however no additional discovery would be required to resolve the motions based solely on the addition of the proposed defendants. Finally, the plaintiff asserts granting the motion to amend will not result in any change in the amount or timing of discovery because the parties have been limited in the types of discovery completed thus far.

The defendants argue the plaintiff cannot show good cause for the delay in seeking to add Commander Kofoed and the DCSO. The defendants note the plaintiff was aware of Commander Kofoed and DCSO's involvement in the investigation during early discovery and prior to the defendants filing the motions for summary judgment. Similarly, on April 30, 2008, the plaintiff identified Commander Kofoed of the DCSO as a person with knowledge of the police investigation and the handling of evidence during the investigation of the Stocks' murders. Additionally, the defendants identified the DCSO's crime scene investigation division as an entity with knowledge about the homicide investigation. Accordingly, the defendants contend the plaintiff was aware of the identity of the proposed defendants well in advance of filing the motion to amend, but is only now seeking to add the parties because of Commander Kofoed's recent federal criminal indictment.

The defendants also assert they would suffer undue prejudice if the plaintiff were given leave to add parties. Specifically, the defendants argue they have invested time and resources preparing voluminous discovery and motions for summary judgment. The defendants contend they will suffer additional burdens by responding to the new allegations (or distinguishing the conduct of the current and proposed defendants) and providing discovery to the new parties. For this reason, the defendants suggest the plaintiff should be responsible for the costs of the first motion for summary judgment. Further, the defendants oppose any lengthy delay which may be created by adding parties. Finally, the defendants argue adding parties will unduly complicate the issues in the context of the plaintiff's claims and case progression. The defendants suggest the plaintiff file a separate lawsuit related to the proposed defendants.

## ANALYSIS

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001); **see** *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Id.*

As an initial matter, the court finds the plaintiff has shown good cause for filing the motion to amend beyond the deadline imposed earlier by the court. The plaintiff has diligently sought discovery related to the current claims, including discovery from and about the proposed defendants. The plaintiff brought the motion to amend shortly after deposing several of the defendants and obtaining evidence related to the proposed defendants. The timing of Commander Kofoed's indictment does not detract from the plaintiff's showing that he did not engage in undue delay.

In contrast, the defendants have failed to sustain their burden of showing unfair prejudice. The parties will have ample time to complete any necessary discovery as deadlines have not yet been imposed. The defendants fail to show their discovery obligations would be materially different by adding the proposed defendants in comparison with a separate lawsuit. Similarly, the discovery, conducted since the defendants filed their motions for summary judgment, impacts those motions regardless of adding the proposed defendants. Because the claims against these defendants do not change in the amended

complaint, the resources the defendants used preparing their motions for summary judgment were not squandered. Finally, any delay occasioned by the introduction of the proposed defendants would not likely be alleviated by denying the plaintiff's motion to amend. The issues involving the proposed defendants remain intertwined with plaintiff's claims against the current defendants such that the proposed defendants would continue to affect the progression of this case, in whichever capacity the proposed defendants are implicated.

The court will not determine the merits of the plaintiff's claims at this time. However, the plaintiff has shown good cause to allow the untimely amendment. Moreover, the proposed amendments are related to the current claims, and will not significantly delay the case or impact discovery requirements. Upon consideration,

**IT IS ORDERED:**

The plaintiff's Motion to Identify Does and for Leave to File Amended Complaint ([Filing No. 209](#)) is granted. The plaintiff shall have to **on or before June 12, 2009**, to file the Amended Complaint.

**ADMONITION**

Pursuant to [NECivR](#) 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 2nd day of June, 2009.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge
