IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NICHOLAS SAMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL SCHENCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion to Quash (Filing No. 215) filed by non-parties C. L. Retelsdorf and Christine Grabig.  The movants filed a brief (Filing No. 217), a reply brief (Filing No. 225), and an index of evidence (Filing No. 216) in support of the motion.  These non-parties seek to quash deposition subpoenas served by the plaintiff because the plaintiff moved to amend the complaint to add the non-parties' employer, Douglas County Sheriff's Office (DCSO), as a defendant in this lawsuit.  Additionally, the movants argue they did not have reasonable time to respond to the subpoenas' document requests, without enduring unfair burden.  Since the filing of the motion, the movants have had sufficient time to produce the requested documents.  **See** Filing No. 225 - Reply.  However, the movants contend the plaintiff should not be allowed to depose these witnesses until after the court resolves the motion to amend the complaint and the DCSO has an opportunity to respond to the complaint.

The plaintiff opposed the motion to quash because the previous parties to the case agreed that the plaintiff would be allowed to depose these non-parties to obtain evidence to oppose the defendants' motions for summary judgment.  The plaintiff states counsel attempted to resolve the issue by allowing counsel for DCSO participate in the depositions.  The plaintiff filed a brief (Filing No. 223) and an index of evidence (Filing No. 224) in opposition to the motion to quash.

The movants rely on Fed. R. Civ. P. 45(c)(3) to support the motion to quash.  Under Rule 45(c)(3), the court may quash or modify a subpoena that subjects a person to undue burden.  *Id.*  Similarly, Fed. R. Civ. P. 26(c) authorizes the court to enter an order limiting

discovery or imposing just terms on taking discovery to protect a person or party from annoyance, embarrassment, oppression, or undue burden.  Such protection from disclosure or discovery is granted only upon a showing of good cause.  **See** Fed. R. Civ. P. 26(c).  The party moving to restrict discovery has the burden to demonstrate good cause for issuance of the order.  ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999).

The court has now granted the plaintiff's motion to amend.  **See** Filing No. 228.  The movants have shown good cause for a brief delay in taking their depositions until after the DCSO has had an opportunity to respond to the plaintiff's amended complaint naming DCSO as a party.  Upon consideration,

**IT IS ORDERED:**

C. L. Retelsdorf and Christine Grabig's Motion to Quash (Filing No. 215) is granted.
DATED this 2nd day of June, 2009.

BY THE COURT:


 s/ Thomas D. Thalken
United States Magistrate Judge
