# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NICHOLAS SAMPSON,** | )<br>) |
| Plaintiff, | )  8:07CV155<br>)<br>) |
| v. | )  **ORDER**<br>) |
| **EARL SCHENCK, et al.,** | )<br>) |
| Defendants. | ) |

This matter is before the court on the Motion to Quash (Filing No. 310) of the defendant, William Lambert (Mr. Lambert). The movant filed a brief (Filing No. 311) in support of the motion. Mr. Lambert seeks to quash the non-party subpoena of Locher, Pavelka, Dostal, Braddy & Hammes to produce documents, information or objects in a civil matter. The plaintiff did not file a brief in response to the motion.

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. **See** Filing No. 1 - Complaint ¶ 1. The plaintiff contends he was targeted as a suspect in the murders, without evidence, because he is the nephew of the victims, mildly mentally retarded, and because the investigators believed the plaintiff had an argument with Wayne Stock. **Id.** ¶¶ 18, 20. According to the motion, the requested documents relate to a personal injury lawsuit involving Mr. Lambert that arose in February, 2004. **See** Filing No. 310, ¶ 1. Mr. Lambert and his spouse brought the personal injury claim against Shaver Realty in Douglas County District Court. **Id**. at ¶ 2. The proceeding involved health records that may be confidential in nature and protected by HIPPA. **Id.** at ¶ 3. Mr. Lambert argues the production of records from the *Shaver* suit would not lead to the discovery of admissible evidence in the instant matter, as the injury claim occurred two years prior to the Stock murders in April, 2006. **Id.** at ¶¶ 4, 5.

Mr. Lambert argues the plaintiff has presented no evidence that obtaining a deposition from a totally unrelated matter from two years earlier would lead to the discovery of admissible evidence in the current case. **See** Filing No. 311 - Brief, p. 1. None of information requested goes to resolving the issues in the case now pending before the

court. **Id.** at 2. Mr. Lambert relies on ***State v. Wellman***, 1980 Ohio App. Lexis 13004 * 4 (Ohio Ct. Appls, Scioto County, Dec. 19, 1980) for the proposition that a subpoena should be denied if the person seeking the subpoena fails to illustrate there is potentially admissible evidence in the information sought to be provided. **Id.** Mr. Lambert also cites Fed.R.Civ.P. 26(b)(1), which states that discovery is limited to relevant matters which appear "reasonably calculated to lead to the discovery of admissible evidence." **Id.**

Generally, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Here, the plaintiff is requesting non-party documents and information related to Mr. Lambert's personal injury litigation from two years prior to the events surrounding the current lawsuit. The plaintiff has provided no explanation for the relevance of Mr. Lambert's prior litigation documents, and filed no response brief in reply to Mr. Lambert's motion. Accordingly, the court finds the information requested does not meet the threshold burden of relevance in this matter. Upon consideration,

**IT IS ORDERED:**

Mr. Lambert's Motion to Quash (Filing No. 310) is granted.

DATED this 5th day of April, 2010.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.