IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS SAMPSON, ) | |
| ) | |
| Plaintiff, ) | 8:07CV155 |
| ) | |
| v. ) | ORDER |
| ) | |
| EARL SCHENCK, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's Motion to Compel Discovery and for Reasonable Attorney's Fees (Filing No. 354). The plaintiff filed a brief (Filing No. 356) and an index of evidence (Filing No. 355) in support of the motion. The defendants William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan) filed a brief (Filing No. 364) in opposition to the motion. The defendants Cass County Sheriff's Office (CCSO), Investigator Earl Schenck (Schenck), and Sergeant Sandy Weyers (Weyers) filed a brief (Filing No. 365) and an index of evidence (Filing No. 366) in opposition to the motion. The defendant Douglas County Sheriff's Office (DCSO) filed a brief (Filing No. 367) and an index of evidence (Filing No. 368) in opposition to the motion. The defendant David Kofoed (Kofoed) did not participate in the briefing of the plaintiff's motion.

## BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. See Filing No. 232 - Amended Complaint p. 5 ¶ 10. The plaintiff alleges he was unconstitutionally arrested, imprisoned, and prosecuted for the murders. *Id.* at 2. The plaintiff alleges his arrest was based on a coerced confession made by his cousin, Matthew Livers (Livers), who is mentally impaired. *Id.* at 2, 6-7. Additionally, the plaintiff alleges the defendants willfully ignored or concealed the physical, documentary and testimonial evidence, including DNA evidence, Livers' recantation, and the actual murderers' confessions, showing the plaintiff could not have committed the crime. *Id.* at 2-3. The plaintiff spent over five months in jail facing capital murder charges. *Id.* at 2-3.

On October 6, 2006, the Cass County Attorney voluntarily dismissed the charges against the plaintiff. *Id.*

On April 25, 2007, the plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. **See** Filing No. 1 - Complaint. The plaintiff filed an amended complaint on June 5, 2009. **See** Filing No. 232. The plaintiff alleges the investigation into the Stocks' murders was characterized by police misconduct including coercion of the witnesses, fabrication of evidence, and concealment of exculpatory evidence. *Id.* at 3. According to the plaintiff, the defendants' conduct resulted in the plaintiff's lengthy and unnecessary incarceration and other damages. *Id.*

The defendants include the CCSO, the DCSO, and certain agents employed by the CCSO, the DCSO, and the Nebraska State Patrol (NSP) during the investigation of the April 17, 2006, murders, based on the agents' individual conduct. *Id.* at 1, 3-4. Specifically, Schenck was an investigator and Weyers was a Sergeant for the CCSO. *Id.* at 3. Lambert and O'Callaghan were NSP investigators. *Id.* Kofoed was an agent and employee of the DCSO. *Id.* at 4.

On April 7, 2008, the parties filed a report of the their Rule 26(f) planning meeting. **See** Filing No. 55. In the report, the defendants suggested the court limit the number of interrogatories a party may serve on another party to fifty, including subparts. *Id.* at 8. The plaintiff requested leave to serve seventy-five interrogatories, including subparts, on each party. *Id.* On April 8, 2008, the court filed an initial scheduling order stating, "Each party is limited to serving **seventy-five (75)** interrogatories on any party." **See** Filing No. 56 ¶ 6 (emphasis in original). A telephone planning conference is scheduled for July 9, 2010, to set a discovery deadline and a trial date. **See** Filing No. 299.

The plaintiff served a total of thirty-eight separately numbered interrogatories on CCSO, Schenck, and Weyers (Filing No. 355 Ex. 7 - interrogatories served); thirty on Lambert and O'Callaghan (Filing No. 355 Ex. 6 - interrogatories served); and thirty-three on DCSO (Filing No. 355 Ex. 8 - interrogatories served). The defendants argue that despite the interrogatories' numbering, they have answered a total of seventy-five interrogatories or more, including subparts. See Filing No. 364 - Brief for Lambert and O'Callaghan p. 3; Filing No. 365 - Brief for CCSO, Schenck, and Weyers p. 3; Filing No. 367 - Brief for DCSO p. 2. The plaintiff does not contest the defendants' assertions; in fact, the plaintiff concedes

the defendants "generously counted" the subparts when tallying the total number of interrogatories served and answered. **See** Filing No. 354 - Motion p. 5 ¶ 8. However, the plaintiff argues seventy-five interrogatories, including subparts, is not enough. *Id.*

On March 10, 2010, the plaintiff sent an e-mail to the defendants concerning the dispute. **See** Filing No. 355 - Ex. 11. In the e-mail exchange, the plaintiff's counsel asked the defendants' counsel to "please let me know if you guys seriously intend to stand on the original numerical limit for interrogatories." *Id.* at 1. The plaintiff's counsel stated she was concerned the defendants' counsel were counting subparts as an excuse to avoid answering questions they do not like. *Id.* The offer suggested, rather than holding to the limit, the defendants allow the plaintiff to serve as many interrogatories as the plaintiff deems necessary until the defendants think the plaintiff has "absolutely lost control," at which point the defendants could move for a protective order from the court. *Id.* The defendants declined the plaintiff's offer to disregard the limitation on interrogatories. *Id.*

On May 12, 2010, the plaintiff filed the instant motion asking the court to compel the defendants to answer interrogatories to which the defendants objected on the basis of exceeding the progression order limit. **See** Filing No. 354. The plaintiff also asks the court to remove the limitation on the number of interrogatories a party may serve. *Id.* Finally, the plaintiff requests an order requiring the defendants to pay a reasonable attorney's fee for the plaintiff's time expended in regard to this motion. *Id.* at 5-6.

## ANALYSIS

**A.   Motion to Compel**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). Specifically, Rule 37 allows a party seeking answers to interrogatories served under Rule 33, to file a motion to compel. **See** Fed. R. Civ. P. 37(a)(3)(B)(iii). The plaintiff argues the defendants have failed to answer interrogatories.[1]  **See** Filing No. 356 p. 2-3, 5, 9.

---

[1] Although referring to Rule 37(a)(2)(A) in his brief, the plaintiff does not argue the defendants have failed to make disclosures required by Rule 26(a). Further, while the plaintiff cited Rule 37(a)(2)(A), the relevant section of the Federal Rules is phrased differently and is found in Rule 37(a)(3)(A).

3

As a starting point, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1). However, "[t]he District Court does have discretion to limit the scope of discovery." *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Once the requesting party meets the threshold relevance burden, generally "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden." *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684-85 (D. Kan. 1991) (citation omitted). The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections).

The plaintiff failed to be specific in identifying the interrogatories the defendants refused to answer. The plaintiff identified the sets that remain unanswered. However, the plaintiff does not argue the merits of the defendants providing substantive responses to any particular or category of interrogatories. For this reason, the plaintiff fails to meet his threshold burden of showing the subject interrogatories seek relevant information. Assuming the plaintiff had met the threshold burden, the court finds the defendants met

4

their burden of showing the validity of their objection as to the number of interrogatories served.[2]  Furthermore, the plaintiff failed to provide any legal justification for compelling the defendants to respond to any interrogatories in excess of the first seventy-five given the plain text of the court's initial progression order.  The plaintiff retains the ability to seek relevant discovery by other methods.  Because the plaintiff failed to show the defendant was legally required to respond to interrogatories in excess of seventy-five, the plaintiff's motion to compel is denied.  Accordingly, the plaintiff is not entitled to reasonable attorney's fees pursuant to Rule 37.  The plaintiff's motion to compel could also be denied based on the plaintiff's failure to show compliance with the local and federal rules.

"[A] motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the [parties] failing to make disclosure or discovery in an effort to obtain it without court action."  **See** Fed. R. Civ. P. 37(a)(1).  The Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules) state:

> **Discovery Motions.**  To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons.
>
> > **(1) "Personal Consultation" Defined.** "Personal consultation" means person-to-person conversation, either in person or on the telephone.  An exchange of letters, faxes, voice mail messages, or e-mails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

NECivR 7.0.1(i).

The plaintiff failed to adhere to the local and federal rules of motion practice by failing to demonstrate counsel had in good faith, conferred, attempted to confer, or

---

[2] Given the acknowledgment and suggestion of the plaintiff that the interrogatory subparts, "have been generously counted by Defendants," the court will defer to the parties' counting of the subparts and assume, without finding, the defendants have initially responded to at least seventy-five interrogatories.

personally consulted with the defendants in an effort to resolve the issue without court intervention. The contents of the single e-mail sent by the plaintiff's counsel is insufficient. The plaintiff asked the defendants to ignore the scheduling order limit on interrogatories and allow the plaintiff to serve interrogatories until the defendants thought the plaintiff "lost control." **See** Filing 356 - Plaintiff's brief p. 5-6. The plaintiff failed to explore how the issue might otherwise be resolved or whether the defendants would reconsider their objections to a certain number of specific interrogatories. In other words, the plaintiff did not seek a reasonable compromise from the defendants. On the contrary, the plaintiff asked the defendants to accept the full burden of having to file a motion for a protective order with the court. Even if the e-mail's content could reasonably be viewed as a good faith attempt by the plaintiff, this evidence still fails to meet the plaintiff's burden under the Nebraska Civil Rules. The e-mail correspondence is not a "personal consultation," as defined by the rule, because the plaintiff failed to show that a prior person-to-person conversation occurred or was even attempted by the plaintiff yet thwarted by the defendants. The plaintiff's failure to comply with NECivR 7.0.1(i) provides sufficient legal justification to deny the plaintiff's motion to compel and/or request for sanctions. Even so, under the circumstances the plaintiff's motion is more akin to a motion to modify the scheduling order, rather than an actual motion to compel.

**B.    Schedule Modification**

As a motion to modify the scheduling order, the plaintiff has the burden to show good cause for modification. Fed. R. Civ. P. 16(b)(4). "A schedul[ing order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the scheduling order, the court granted the plaintiff's request that each party may serve up to seventy-five interrogatories on any other party. **See** Filing No. 56 p. 2 ¶ 6. Also applicable here, the local and federal rules limit the number of interrogatories a party may serve on any other party by limiting the information sought. The federal rules state, "[u]nless otherwise stipulated or ordered by the court, a party may serve any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). Furthermore, "[t]he purpose of [the limit] is to reduce the frequency and

6

increase the efficiency of interrogatory practice." Fed. R. Civ. P. 33(a) advisory committee's note (1993). The Nebraska Civil Rules provide a method of counting interrogatories served:

> In determining the number of interrogatories, including subquestions, each inquiry seeking a discrete item of information is counted as one interrogatory. For example, the following question is counted as 3 interrogatories: "Please state the name, address, and telephone number of any witness to the accident set forth in the complaint."

NECivR 33.1(c). "Not numbering the sub-parts of interrogatories does not change the fact that, if the interrogatories require discrete pieces of information, those interrogatories are to be counted as if the sub-parts were specifically itemized." *Prochaska & Assoc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993).

Contrary to the actual interrogatory numbering used by the plaintiff, he does not dispute he served the defendants with a number of interrogatories in excess of the court-imposed limit. **See** Filing No. 356 - Plaintiff's brief p. 1; Filing No. 355 - Ex. 7; Filing No. 354 - Motion p. 5 ¶ 8. Nor does the plaintiff dispute the court's limit adopted the expansion from the rules' numerical limit initially sought by the plaintiff. Instead, the plaintiff argues seventy-five interrogatories is not enough, given the complexity of the case. *Id.*

The plaintiff failed to meet his burden of showing good cause as to why the court should remove the interrogatory limit. The court considered the complexity of this case when it expanded the number of interrogatories to three times the amount allowed by the federal rules. Additionally, the plaintiff has not specified any particular interrogatory, yet to be answered, which is essential for the purposes of this litigation. In fact, the plaintiff has not even described a general category of information essential to the case that cannot be explored without additional interrogatory responses. Finally, a plea for free reign on interrogatory use is contrary to the purpose of Rule 33. **See** Fed R. Civ. P. 33 advisory committee's note (1993). While the court may entertain a limited expansion in the number of interrogatories given the proper justification, for example an explanation for how the information is necessary and otherwise unattainable, the court will not allow the plaintiff to squander the previous expanded limit and continue to pepper the defendants with limitless inquiry. Accordingly, the plaintiff's motion to expand the number of interrogatories allowed, without limit, is denied.

**C.     Sanctions**

With regard to motions to compel discovery, Federal Rule of Civil Procedure 37(a) provides:

> If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).  The plaintiff's filing of the instant motion and failure to reasonably confer with opposing counsel required the defendants to file briefs and evidence to oppose the motion.  The court shall, after the plaintiff has a chance to respond, grant the defendants reasonable expenses for filing such opposition, unless the plaintiff shows substantial and legal justification for filing the motion to compel.  **See** *id.*

**IT IS ORDERED:**

1.     The plaintiff's Motion to Compel Discovery and for Reasonable Attorney's Fees  (Filing No. 354) is denied.

2.     The plaintiff shall have to **on or before July 23, 2010**, to show cause why the defendants should not be awarded reasonable costs and attorney's fees incurred in responding to the motion to compel, in accordance with Fed. R. Civ. P. 37(a)(5)(B).

DATED this 9th day of July, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.