IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **NICHOLAS SAMPSON,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV155 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **EARL SCHENCK, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court after a telephone conference with counsel for the parties on July 23, 2010. Upon consideration,

**IT IS ORDERED:**

1. A **telephone** planning conference with the undersigned magistrate judge will be held **November 15, 2010, at 10:00 a.m.** Plaintiff's counsel shall initiate the telephone conference.

2. Each plaintiff shall, as soon as practicable but not later than **December 1, 2010**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness[1] it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **January 26, 2011**. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). <u>The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph</u>.

DATED this 23rd day of July, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).