IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NICHOLAS SAMPSON,** | |
| Plaintiff, | 8:07CV155 |
| vs. | |
| **INVESTIGATOR EARL SCHENK, et al.,** | ORDER |
| Defendants. | |

This matter is before the court on the defendants' Joint Motion for Order Pursuant to Fed. R. Civ. P. 35 Compelling Physical and Mental Evaluation of Plaintiff (Filing No. 494)[1].  The defendants filed an index of evidence (Filing No. 495) in support of the motion.  The plaintiff filed a brief (Filing No. 499) in opposition to the motion.  The defendants filed an index of evidence (Filing No. 504) in reply.

## BACKGROUND

This case arises out of the plaintiff's, Nicholas Sampson, arrest on April 26, 2006, in connection with a double homicide investigation.  The plaintiff was incarcerated and criminally charged in connection with the homicides.  The plaintiff was subsequently released from jail and charges were dropped without prejudice.  On June 3, 2009, the plaintiff filed an amended complaint alleging violations of his civil rights arising from the homicide investigation.  **See** Filing No. 230 - Amended Complaint.  The plaintiff alleges he "suffer[ed] and endure[d] 5 months of false imprisonment and psychiatric injuries . . . and caused SAMPSON to endure (and he continues to endure) extreme mental anguish . . . ."  *Id.* at 15.  In Counts I, II, and III the plaintiff alleges the defendants' actions caused the plaintiff psychological harm.  *Id.* at 17-19.  The plaintiff seeks damages to compensate him for "his pain and suffering."  *Id.* at 31.

The defendants filed the instant motion on January 16, 2013.  **See** Filing No. 494.
The defendants seek an order requiring the plaintiff to appear for a Federal Rule of Civil

---

[1] The defendants Investigator Earl Schenck, Sergeant Sandy Weyers, and the Cass County Sheriff's Office filed the motion and represented the defendants Investigator William Lambert, Investigator Charles O'Callaghan, and the Douglas County Sheriff's Office join in the motion.  **See** Filing No. 494 – Motion p. 1.

Procedure 35 (Rule 35) examination by Dr. Terry Davis and Dr. Rosanna Jones-Thurman.  *Id.*  The defendants argue the plaintiff claims he sustained damages from profound suffering and extreme mental anguish as a result of the violations of his constitutional rights.  *Id.* at 1-2.  The defendants seek a Rule 35 examination to assess the conditions for which the plaintiff is seeking damages.  *Id.* at 4.  The defendants argue the plaintiff has placed his physical and mental health in controversy thereby providing good cause for the examination.  *Id.*  The defendants scheduled the evaluation for February 6, 2013.  *Id.*

The plaintiff argues the defendants continue to maintain the plaintiff was involved in the homicides.  **See** Filing No. 499 - Response p. 1-3.  The plaintiff argues the Rule 35 examination is a pretext to generate evidence against the plaintiff to reopen the homicide case against him.  *Id.*  The plaintiff argues the proposed evaluators are attempting to find an Axis I or Axis 2 disorder that comports with the plaintiff being a murderer.  *Id.* at 3.  The plaintiff argues he is not comfortable with a new interrogation by the people who wrongfully arrested him.  *Id.* at 4.  The plaintiff also expresses concern that the evaluator is a doctor-lawyer.  *Id.* at 7.  Additionally, the plaintiff argues the information the defendants seek is available in the plaintiff's expert's, Stephen Skulsky, Ph.D., report.  *Id.* at 6-7.  Lastly, the plaintiff argues the defendants have not demonstrated good cause for the examination or specified the manner, condition, and scope of the examination.  *Id.* at 5.  In the alternative, the plaintiff argues if the examination occurs, he should have the following protections:  1) his criminal defense attorney, Jerry Soucie, present and 2) he receives absolute immunity from prosecution from the Cass County Attorney and the Attorney General of Nebraska.  *Id.* at 4.

## ANALYSIS

Rule 35 provides:

> (a) Order for an Examination.
> (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party

>to produce for examination a person who is in its custody or under its legal control.
>(2) Motion and Notice; Contents of the Order.  The order:
>>(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>>(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35. "A plaintiff . . . who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."  *Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964).  "[T]he pleadings alone are sufficient to meet" the requirements of "in controversy" and "good cause."  *Id.*

Here the allegations in the plaintiff's complaint place his mental condition in controversy.  In support of his claim for damages, the plaintiff alleges he suffered and continues to suffer extreme mental anguish as a result of the violations of his constitutional rights.  See Filing No. 230 - Amended Complaint.  Placing his mental condition in controversy provides good cause for an Rule 35 examination.  Additionally, the defendants complied with Rule 35 by giving the plaintiff notice of the time, place, manner, conditions, and scope of the examination.  The defendants scheduled the examination for February 6, 2013.  The defendants limited the scope of the evaluation to "assessing the conditions for which Plaintiff is seeking an award of monetary damages from this Court, namely his claimed past and ongoing pain and suffering and mental anguish."  See Filing No. 494 - Motion p. 3.  Further, the defendants want to evaluate Sampson for the purposes of addressing Sampson's expert's report on Sampson's mental condition.  *Id.*  The defendants also listed the types of psychological exams scheduled:  the MMPI II (Minnesota Multiphasic Personality Inventory 2), the MCMI-3 (Millon Clinical Multiaxial Inventory III) and the Victoria Symptom Validity Test.  See Filing No. 495 - Sturzenegger Aff. p. 4.  The defendants have met their burden under Rule 35.  Accordingly;

**IT IS ORDERED**:

The defendants' Joint Motion for Order Pursuant to Fed. R. Civ. P. 35 Compelling Physical and Mental Evaluation of Plaintiff (Filing No. 494) is granted.

### ADMONITION

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 29th day of January, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.