IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **NICHOLAS SAMPSON,** | |
| Plaintiff, | 8:07CV155 |
| vs. | |
| **INV. EARL SCHENCK,** in his official and individual capacities; **INV. WILLIAM LAMBERT,** in his official and individual capacities; **SGT. SANDY WEYERS,** in her official and individual capacities; **INV. CHARLES O'CALLAGHAN,** in his individual and official capacities; **DOES 1-8,** in their official and individual capacities; **CASS COUNTY SHERIFF'S OFFICE,** a Nebraska political subdivision; **DAVID KOFOED,** in his official and individual capacities; and **DOUGLAS COUNTY SHERIFF'S OFFICE,** a Nebraska political subdivision, | ORDER |
| Defendants, | |
| **MATTHEW LIVERS,** | |
| Plaintiff, | 8:08CV107 |
| vs. | |
| **EARL SCHENCK,** Cass County Sheriff's Investigator; **WILLIAM LAMBERT,** Nebraska State Patrol Investigator; **CHARLES O'CALLAGHAN,** Nebraska State Patrol Investigator; **SANDRA WEYERS,** Cass County Sheriff's Sergeant; **COUNTY OF CASS, NEBRASKA; DAVID KOFOED,** Commander of the Douglas County Sheriff's Office Crime Scene Investigation Division; **TIM DUNNING,** Sheriff of Douglas County; and **COUNTY OF DOUGLAS,** Nebraska, | ORDER |
| Defendants. | |

This matter is before the court on the defendants' motions to consolidate (Filing Nos. 485 and 488 in *Sampson v. Schenck, et al.*, 8:07CV155 (*Sampson*); Filing Nos. 375 and 378 in *Livers v. Schenck, et al.*, 8:08CV107 (*Livers*))[1]. The defendants filed briefs (Filing No. 486 in *Sampson*; Filing No. 376 in *Livers*) in support of the motions. The plaintiffs filed briefs (Filing No. 492 in *Sampson*; Filing No. 384 in *Livers*) and an index of evidence (Filing No. 493 in *Sampson*) in opposition to the motions. The defendants filed a brief (Filing No. 496 in *Sampson*; Filing No. 386 in *Livers*) in reply. The plaintiff filed a supplemental brief (Filing No. 497 in *Sampson*) in opposition. The defendants filed a brief (Filing No. 505 in *Sampson*) in surreply. The defendants filed an amended surreply brief (Filing No. 509 in *Sampson*).

## BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. The plaintiffs, Matthew Livers (Livers) and Nicholas Sampson (Sampson), were arrested and jailed awaiting trial for the murders after Livers confessed to the murders and implicated Sampson as an accomplice. Subsequently, after different individuals confessed to the murders, Livers and Sampson were released from jail and charges were dropped without prejudice.

On June 3, 2009, Sampson filed an amended complaint alleging violations of his civil rights arising from the homicide investigation. **See** Filing No. 232 - Amended Complaint in *Sampson*. Sampson seeks monetary damages for violations of his civil rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. *Id.* Sampson generally alleges the defendants fabricated evidence to create the appearance of probable cause to justify Sampson's arrest, arrested Sampson without probable cause, and concealed exculpatory evidence. *Id.*

---

[1] The defendants Earl Schenck, Sandy Weyers, the Cass County Sheriff's Office, and Cass County, Nebraska filed the Joint Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) and represented the defendants William Lambert, Charles O'Callaghan, Tim Dunning, the Douglas County Sheriff's Office, and Douglas County, Nebraska, join in the motions. **See** Filing No. 485 - Motion p. 2 in *Sampson*; Filing No. 375 - Motion p. 2 in *Livers*. Douglas County, Nebraska, filed a separate Joinder in Motion to Consolidate. **See** Filing No. 488 - Joinder in *Sampson*; Filing No. 378 - Joinder in *Livers*. William Lambert and Charles O'Callaghan also filed notices of joinder to the motions to consolidate. **See** Filing No. 487 - Joinder in *Sampson*; Filing No. 377 - Joinder in *Livers*. The defendant David Kofoed did not participate in the motions.

On April 2, 2010, Livers filed a second amended complaint alleging similar violations of his civil rights arising from the homicide investigation. **See** Filing No. 238 - Second Amended Complaint in *Livers*. Livers generally alleges the defendants coerced Livers' confession, fabricated evidence, arrested Livers without probable cause, and concealed exculpatory evidence. *Id.* Livers also seeks monetary damages for violations of his civil rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. *Id.*

On June 30, 2008, the cases were consolidated for purposes of discovery. **See** Filing No. 78 - Order in *Sampson*. The court noted:

> Both plaintiffs allege the investigation was characterized by police misconduct including coercion of the plaintiffs and witnesses, fabrication of evidence and concealment of exculpatory evidence. Based on the investigation, the plaintiffs allege false murder charges were filed against the plaintiffs and they were incarcerated for over five months. Both plaintiffs allege claims against the defendants in their official and individual capacities pursuant to 42 U.S.C. § 1983. The named defendants in both cases are the same.

*Id.* On November 24, 2008, Sampson filed a motion for severance. **See** Filing No. 136 - Motion in *Sampson*. In the motion, Sampson stated he originally believed consolidation would allow discovery to proceed in a spirit of cooperation. *Id.* Nevertheless, Sampson stated there was conflict between counsel regarding sharing information. *Id.* On December 29, 2008, this court severed the cases stating "[o]rdinarily the fact that counsel are unable to collaborate effectively during discovery would not justify cleaving one case into two. However, counsel believe their differences of opinion will actually impair the plaintiffs' positions in their individual lawsuits." **See** Filing No. 159 - Order in *Sampson*. The defendants did not oppose the motion for severance.

The defendants filed the instant motions to consolidate on January 8, 2013. **See** Filing Nos. 485 and 488 in *Sampson*; Filing Nos. 375 and 378 in *Livers*. The defendants argue these cases warrant consolidation because the cases arise out of the same operative facts, raise the same legal issues, assert the same damages claims, involve the same defendants, and the court will hear testimony from the same witnesses in both cases. **See** Filing No. 486 - Brief p. 3-5 in *Sampson*. Specifically, the

3

defendants argue the plaintiffs were arrested within hours of each other as part of the same criminal investigation and filed similar complaints with nearly identical claims and requests for damages. *Id.* The defendants argue the two cases will require the court to hear the same evidence from the same witnesses and the court will issue similar sets of jury instructions. *Id.* The defendants argue the cases have progressed to the same stage and requiring the parties to try each case individually will waste judicial resources and jurors' time. *Id.* The defendants also note these cases were consolidated on appeal. *Id.*; **see** Filing No. 478 - United States Court of Appeals for the Eighth Circuit Opinion p. 17 in *Sampson*.

The defendants argue consolidation will not prejudice the plaintiffs. **See** Filing No. 496 - Reply p. 7 in *Sampson*; Filing No. 386 - Reply p. 6 in *Livers*. The defendants argue the true cause for concern is the potential prejudice against the defendants; however, the defendants argue these cases arise out of the same circumstances and involve the same issues of law such that consolidation will avoid inefficiency and unnecessary cost or delay. **See** Filing No. 496 - Reply p. 9 in *Sampson*. The defendants argue the plaintiffs' theories of liability are not contradictory and a jury is capable of considering different theories of liability, if any differences exist, arising out of the same facts. **See** Filing No. 386 - Reply p. 4 in *Livers*. The defendants argue the court can draft jury instructions with clarity to avoid any confusion and the jury is capable of hearing all the evidence and making appropriate decisions based on the evidence. **See** Filing No. 496 - Reply p. 7 in *Sampson*; Filing No. 386 - Reply p. 10-11 in *Livers*.

The defendants also argue Livers' potential settlement with Douglas County does not prevent consolidation. **See** Filing No. 509 - Amended Surreply Brief p. 1-2 in *Sampson*. The defendants argue both Livers and Sampson maintain claims against David Kofoed (Kofoed) that will require evidence of Douglas County's policies and procedures in both cases, even if Livers does not maintain a *Monell* claim. *Id.* at 3. The defendants argue the fact that Sampson is faulting Kofoed and Douglas County Sheriff's Office, while Livers is faulting only Kofoed, "should not prove to be insurmountably mind-bending to jurors." *Id.*

Sampson argues there are meaningful differences in the claims and defenses between Sampson and Livers. **See** Filing No. 492 - Response p. 2 in **Sampson**. Sampson argues, since severance, the plaintiffs have pursued separate paths of discovery, have found different evidence to bear significance to one case but not the other, and have built separate and distinct cases. *Id.* at 3. Sampson argues plaintiffs' counsel have communicated infrequently, have not attended depositions jointly, and have disclosed different expert witnesses. *Id.* Sampson argues there is a foundational conflict between Sampson's and Livers' theories of liability. *Id.* at 5-6. Sampson also argues there is no prejudice to the defendants to have separate trials. *Id.* at 11-12. Sampson argues the defendants did not object to the severance in 2008 and the defendants, over the course of this litigation, have never complained about burdens of time, expense, or effort involved with four years of discovery and preparation of multiple dispositive motions in two cases. *Id.* at 14. Therefore, Sampson argues there is no reason to now consolidate and many reasons to keep the cases separate. *Id.* Additionally, Sampson argues Livers' potential settlement with DCSO creates a potential for confusion because jurors might speculate why Livers settled a portion of his claim, or has no claim against DCSO, while Sampson maintains his claim. **See** Filing No. 497 - Supplemental Response p. 1-2 in **Sampson**.

Livers argues consolidation will be inconvenient and unfairly prejudicial. **See** Filing No. 384 - Response p. 7 in **Livers**. Livers argues the plaintiffs have developed potentially incompatible theories of liability and the presentation of theories could prejudice the plaintiffs. *Id.* at 8-10. Livers argues the parties relied on the severance in 2008 and pursued different discovery without coordination. *Id.* Livers argues differing issues of probable cause will confuse the jury. *Id.* at 10. Livers contends his Fourth Amendment rights were violated because the defendants arrested him without probable cause and subjected him to a coercive, custodial interrogation. *Id.* In contrast, Livers contends Sampson will argue Livers' confession did not furnish probable cause to justify his arrest, which did not occur until after the defendants had obtained the confession from Livers. *Id.* Livers argues the jury will have difficulty keeping the plaintiffs' parallel, but distinct, theories separate. *Id.*

Additionally, Livers argues Sampson, unlike Livers, maintains municipal liability claims against Douglas County, which will require the presentation of complex policy and practice evidence. *Id.* at 11. Livers argues he made a calculated decision to dismiss his **Monell** claim against Douglas County out of concern that the presentation of such evidence will distract the jury from the malfeasance of the individual defendants. *Id.* Livers also argues consolidation will negatively affect the damages awarded to the plaintiffs. *Id.* at 2, 4, 8, 11-12. Livers argues one of the following unduly prejudicial possibilities may occur: 1) the presence at trial of two plaintiffs who were wrongfully incarcerated for a similar period of time could lead the jury to award similar damages to both plaintiffs, even though Livers suffered far greater injury than Sampson due to factors unique to Livers or 2) Sampson's counsel could contend that Livers is responsible for his own injuries because of his confession, whereas Sampson is a truly innocent victim who was arrested through no fault of his own therefore Livers would get zero damages. *Id.* Livers argues this will make his case the "hard one" and likely appear more difficult. *Id.* at 8.

## ANALYSIS

Federal Rule of Civil Procedure 42 provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration. The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." 9 Charles A. Wright & Arthur R. Miller, **Federal Practice & Procedure § 2383** (2d ed. 1994). Whether to grant a Rule 42(a) motion to consolidate is within the sound discretion of the court. **United States Envtl. Prot. Agency v. Green Forest**, 921 F.2d 1394, 1402-03 (8th Cir. 1990). The "court [must] weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause . . . ." Wright & Miller, *supra*, § 2383. "[D]istrict courts generally take a favorable view of consolidation . . . ." *Id.*

6

Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Id.* § 2384. However, under Fed. R. Civ. P. 42(b), consolidation is considered inappropriate "if it leads to inefficiency, inconvenience, or unfair prejudice to a party." ***EEOC v. HBE Corp.***, 135 F.3d 543, 551 (8th Cir. 1998).

The court previously noted the plaintiffs' actions "arise out of the same set of facts and are based on similar allegations." **See** [Filing No. 159](Filing No. 159) - Order in ***Sampson***. Thus the threshold question of whether the cases involve a common question of law or fact is satisfied. The question remains whether consolidation will lead to inefficiency, inconvenience, or unfair prejudice. Due to the similarity in the plaintiffs' cases, the plaintiffs will present similar evidence from many of the same witnesses. Consolidation will avoid using two juries to hear similar evidence. Additionally, consolidation will avoid witnesses appearing at two separate trials to testify to the same facts. Although the plaintiffs argue they relied on severance in preparation for their cases and the plaintiffs' attorneys have not worked together, trial has not been set and the plaintiffs have adequate time to coordinate strategy, if necessary. Consolidation will promote the goals of efficient use of judicial resources without leading to inconvenience, delay, or additional expense.

The plaintiffs will not suffer unfair prejudice from consolidation. The original basis for severance during discovery was because "counsel believe[d] their differences of opinion would actually impair the plaintiffs' positions in their individual lawsuits." ***Id.*** The plaintiffs have not shown consolidation will impair or unfairly prejudice the plaintiffs' positions at trial. The plaintiffs both argue their theories of liability are inconsistent and the potential defenses to those theories are different causing undue prejudice if these cases are consolidated. The differences in the plaintiffs' theories of liability, if any, will not so confuse the jury as to prevent the jury from giving the plaintiffs' claims proper attention. Appropriate jury instructions will alleviate any potential confusion jurors may have when determining liability. Additionally, a jury has the ability to differentiate the severity of damages between the plaintiffs if the evidence so provides. Proper jury instructions would ensure the jurors consider the plaintiffs' potential damages separately. **See *WWP, Inc. v. Wounded Warriors Family Support, Inc.***, 628 F.3d 1032, 1041 (8th Cir. 2011) ("A jury is presumed to follow its instructions. . . ."). The

court also finds the plaintiffs will not suffer undue prejudice because some of the witnesses for the plaintiffs are different. Additionally, Sampson's *Monell* claim does not prejudice Livers. Sampson's *Monell* claim is only one aspect of Sampson's case that has claims overwhelmingly similar to Livers' case. The jury will be able to separate Sampson's *Monell* claim from Livers' claims and the court can administer proper jury instructions to avoid confusion.

The defendants have met their burden to show consolidation is appropriate for these actions. The cases clearly present common issues of law and fact, the cases involve the same defendants, nearly identical causes of action, and relate to the same time period and events. The evidence suggests consolidation of these matters will promote judicial economy.

**IT IS ORDERED**:

1. The defendants' motions to consolidate (Filing Nos. 485 and 488 in *Sampson v. Schenck, et al.*, 8:07CV155; Filing Nos. 375 and 378 in *Livers v. Schenck, et al.*, 8:08CV107) are granted.

2. Trial is set to commence, at the court's call, during the week of *October 21, 2013*, in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 6th day of February, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge