IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS SAMPSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>INV. EARL SCHENCK, in his official and individual capacities; INV. WILLIAM LAMBERT, in his official and individual capacities; SGT. SANDY WEYERS, in her official and individual capacities; INV. CHARLES O'CALLAGHAN, in his individual and official capacities; DOES 1-8, in their official and individual capacities; CASS COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision; DAVID KOFOED, in his official and individual capacities; and DOUGLAS COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision,<br><br>        Defendants, | 8:07CV155<br><br>ORDER |
| MATTHEW LIVERS,<br><br>        Plaintiff,<br><br>  vs.<br><br>EARL SCHENCK, Cass County Sheriff's Investigator; WILLIAM LAMBERT, Nebraska State Patrol Investigator; CHARLES O'CALLAGHAN, Nebraska State Patrol Investigator; SANDRA WEYERS, Cass County Sheriff's Sergeant; COUNTY OF CASS, NEBRASKA; DAVID KOFOED, Commander of the Douglas County Sheriff's Office Crime Scene Investigation Division; TIM DUNNING, Sheriff of Douglas County; and COUNTY OF DOUGLAS, Nebraska,<br><br>        Defendants. | 8:08CV107<br><br>ORDER |

This matter is before the court on the defendants', William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan), Motion to Quash Plaintiff's Non-Party Subpoena (Filing No. 596 in *Sampson v. Schenck, et al.*, 8:07CV155; Filing No. 470 in *Livers v. Schenck, et al.*, 8:08CV107)[1]. The defendants filed a brief (Filing No. 597) and an index of evidence (Filing No. 598) in support of the motion. No parties responded to the defendants' motion.

## BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. The plaintiffs, Livers and Sampson, were arrested and jailed awaiting trial for the murders after Livers confessed to the murders and implicated Sampson as an accomplice. Subsequently, after different individuals confessed to the murders, Livers and Sampson were released from jail and charges were dropped without prejudice.

On June 3, 2009, Sampson filed an amended complaint alleging violations of his civil rights arising from the homicide investigation. **See** Filing No. 232 - Amended Complaint in Sampson. Sampson seeks monetary damages for violations of his civil rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. *Id.* Sampson generally alleges the defendants fabricated evidence to create the appearance of probable cause to justify Sampson's arrest, arrested Sampson without probable cause, and concealed exculpatory evidence. *Id.* The defendants include certain Nebraska State Patrol (NSP) investigators who led the investigation into the April 17, 2006, murders. *Id.* ¶ 3. The defendants Lambert and O'Callaghan were NSP investigators. *Id.*

The defendants seek to quash a subpoena duces tecum they allege Sampson *intends* to issue upon the legal division of the NSP requesting documents showing costs the State of Nebraska spent on the Stock murder investigation and documents showing Lambert's and O'Callaghan's salary, benefits, and overtime paid between April 16, 2006, and October 6, 2006. **See** Filing No. 596 - Motion. The defendants argue the subpoena subjects the NSP to an undue burden because the information sought is not

---

[1] The court will cite to *Sampson v. Schenck, et al.*, 8:07CV155 unless otherwise noted.

tracked or stored in the form requested and would necessitate creation of reports and documents that do not exist.  **See** [Filing No. 597](#) - Brief p. 1-4.  Additionally, the defendants argue the cost of the investigation and salary, benefits, and overtime paid to Lambert and O'Callaghan are completely unrelated to Sampson's claims that the defendants violated his constitutional rights.  *Id.*

## ANALYSIS

Under the Civil Rules of the United States District Court for the District of Nebraska (NECivR) Rule 45.1, a party seeking to issue a subpoena to a nonparty is required to provide notice to the adverse party.  **See** NECivR 45.1.  After receipt of the notice, the adverse party has seven days to serve the noticing party with written objections to the subpoena and file a certificate of service of such objections with the court.  **See** *id.*  If the parties are unable to resolve the objections, the parties should file an appropriate motion in accordance with NECivR 7.1.  **See** *id.*  Under NECivR 7.1(i), the parties are required to meet and confer and make sincere attempts to resolve any discovery issues.  **See** NECivR 7.1(i).  Additionally, under NECivR 7.1(i), the moving party is required state the date, time, and place of all communications to resolve the parties differences.  **See** *id.*

Sampson's notice of service of a subpoena on a nonparty is not on file and the defendants did not provide the court with a copy of Sampson's notice or the nonparty subpoena.  Therefore, the court is unable to review the nonparty subpoena. Additionally, the defendants failed to file a notice of objection with the court as directed by NECivR 45.1(b) evidencing the defendants served Sampson with written objections to the subpoena.  Further, the defendants did not represent the parties attempted to resolve the defendants' objections as required by NECivR 45.1 prior to seeking court involvement.  Instead, the defendants filed the instant motion.  Nevertheless, the defendants did not show compliance with NECivR 7.1 in filing the motion.  The defendants have not shown the parties sincerely attempted to resolve their differences in accordance with NECivR 7.1(i).  If Sampson continues to seek the information from the NSP, the defendants shall follow the procedures provided in NECivR 45.1 and 7.1.  For the foregoing reasons, the defendants motion is denied.

**IT IS ORDERED**:

The defendants' Motion to Quash Plaintiff's Non-Party Subpoena (Filing No. 596 in *Sampson v. Schenck, et al.*, 8:07CV155; Filing No. 470 in *Livers v. Schenck, et al.*, 8:08CV107) is denied without prejudice.

Dated this 8th day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
