# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS SAMPSON,<br><br>      Plaintiff,<br><br>  vs.<br><br>INV. EARL SCHENCK, in his official and individual capacities; INV. WILLIAM LAMBERT, in his official and individual capacities; SGT. SANDY WEYERS, in her official and individual capacities; INV. CHARLES O'CALLAGHAN, in his individual and official capacities; DOES 1-8, in their official and individual capacities; CASS COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision; DAVID KOFOED, in his official and individual capacities; and DOUGLAS COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision,<br><br>      Defendants, | 8:07CV155<br><br><br><br><br>ORDER |
| MATTHEW LIVERS,<br><br>      Plaintiff,<br><br>  vs.<br><br>EARL SCHENCK, Cass County Sheriff's Investigator; WILLIAM LAMBERT, Nebraska State Patrol Investigator; CHARLES O'CALLAGHAN, Nebraska State Patrol Investigator; SANDRA WEYERS, Cass County Sheriff's Sergeant; COUNTY OF CASS, NEBRASKA; DAVID KOFOED, Commander of the Douglas County Sheriff's Office Crime Scene Investigation Division; TIM DUNNING, Sheriff of Douglas County; and COUNTY OF DOUGLAS, Nebraska,<br><br>      Defendants. | 8:08CV107<br><br><br><br><br>ORDER |

This matter is before the court on the defendants', William Lambert (Lambert) and Charles O'Callaghan (O'Callaghan), Motion for Protective Order (Filing No. 593 in ***Sampson v. Schenck, et al.***, 8:07CV155; Filing No. 467 in ***Livers v. Schenck, et al.***, 8:08CV107)[1]. The defendants filed a brief (Filing No. 594) in support of the motion. The plaintiff, Nicholas Sampson (Sampson) filed a brief (Filing No. 621) and index of evidence (Filing No. 622) in opposition. The defendants filed a brief (Filing No. 633) and index of evidence (Filing No. 634) in reply.

Additionally, the defendants filed a Motion to Strike Plaintiff Sampson's Brief in Opposition to Defendants' Motion for Protective Order and Affidavit in Support Thereof (Filing No. 630). The defendants filed a brief (Filing No. 631) and index of evidence (Filing No. 632) in support of the Motion to Strike. Sampson filed a brief (Filing No. 644) and index of evidence (Filing No. 645) in opposition. The defendants filed a brief (Filing No. 652) in reply.

### BACKGROUND

This case arises from an investigation into the April 17, 2006, murders of Wayne and Sharmon Stock in Murdock, Nebraska. The plaintiffs, Matthew Livers (Livers) and Sampson, were arrested and jailed awaiting trial for the murders after Livers confessed to the murders and implicated Sampson as an accomplice. Subsequently, after different individuals confessed to the murders, Livers and Sampson were released from jail and charges were dropped without prejudice.

On June 3, 2009, Sampson filed an amended complaint alleging violations of his civil rights arising from the homicide investigation. **See** Filing No. 232 - Amended Complaint in Sampson. Sampson filed suit seeking monetary damages for violations of his civil rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution. ***Id.*** Sampson generally alleges the defendants fabricated evidence to create the appearance of probable cause to justify Sampson's arrest, arrested Sampson without probable cause, and concealed exculpatory evidence. ***Id.*** The defendants include certain Nebraska State Patrol (NSP) investigators who led

---

[1] The court will cite to ***Sampson v. Schenck, et al.***, 8:07CV155 unless otherwise noted.

the investigation into the April 17, 2006, murders.  *Id.* ¶ 3.  The defendants Lambert and O'Callaghan were NSP investigators.  *Id.*

On April 12, 2013, Sampson served his nineteenth written discovery request upon the Douglas County Sheriff's Office (DCSO) which, in part, requested "any files, including job applications, polygraph reports or other files, on William Lambert."[2]  **See** Filing No. 594 - Brief p. 1.  The defendants seek a protective order preventing the disclosure or production of any DCSO files on Lambert, including job applications, a polygraph report, or other files.  **See** Filing No. 593 - Motion for Protective Order p. 1. The defendants represent Lambert applied for employment with DCSO in 1993.  **See** Filing No. 594 - Brief p. 1-2.  The defendants contend this information is irrelevant and unlikely to lead to the discovery of relevant information.  *Id.*  The defendants represent they conferred with Sampson's counsel but were unable to reach an agreement.  *Id.*

Sampson argues in the event the court denies Sampson's Motion in Limine (Filing No. 522) to exclude Sampson's polygraph evidence, Sampson may need to present evidence at trial impeaching the defendants' claim Sampson's polygraph is reliable.  **See** Filing No. 621 - Response p. 1-2.  Sampson argues such evidence would include, according to Sampson's counsel's understanding, Lambert's failed pre-employment polygraph.  *Id.*; Filing No. 622-1 - Maren Lynn Chaloupka Aff. ¶ 3. Sampson opposes a protective order that is too broad and argues the defendants have failed to show good cause for a blanket protective order.  *Id.* at 2-5.

In reply, the defendants reiterate Lambert's employment file is irrelevant and argue Sampson submitted a false allegation that Lambert failed his polygraph.  **See** Filing No. 633 - Reply p. 1-5.  Additionally, the defendants filed the Motion to Strike Sampson's counsel's representation and unsupported allegation that Lambert failed a pre-employment polygraph.  **See** Filing Nos. 630 - Motion to Strike; 631 - Brief in support of Motion to Strike.  The defendants represent, after conferring with Lambert and Deputy Douglas County Attorney Timothy Dolan, Lambert's pre-employment polygraph did not indicate deception.  **See** Filing No. 632-1 - David A. Lopez Aff. ¶¶ 3-4.

---

[2] The court notes no certificate of such service was filed as required by the Civil Rules of the United States District Court for the District of Nebraska 34.1(b).

In response to the defendants' Motion to Strike, Sampson argues the defendants' Motion to Strike does not comply with Fed. R. Civ. P. 11.  **See** [Filing No. 644](#) - Response to Motion to Strike.  Sampson argues the defendants did not serve the motion twenty-one days prior to filing the motion as Rule 11(c)(1)(A) requires.  *Id.* at 4.  In reply, the defendants argue the Motion to Strike complies with Fed. R. Civ. P. 11 and the defendants filed the motion after Sampson declined to remove the unsupported assertion Lambert failed a pre-employment polygraph.  **See** [Filing No. 652](#) - Reply to Motion to Strike.

## ANALYSIS

### A.   Motion to Strike

In opposition to the defendants' Motion for Protective Order, Sampson stated he sought Lambert's job files, including any polygraph reports, because Sampson's counsel understands Lambert failed a pre-employment polygraph examination and such information could be used for impeachment.  In support of this assertion, Sampson's counsel submitted an affidavit merely stating "it is my understanding that Lambert failed a pre-employment polygraph administered in conjunction with his application for employment by the Douglas County Sheriff's Office."  **See** [Filing No. 622-1](#) - Maren Lynn Chaloupka Aff. ¶ 3.  The defendants state Lambert and Deputy Douglas County Attorney Timothy Dolan informed defense counsel that Lambert's pre-employment polygraph examination did not indicate deception.  **See** [Filing No. 632-1](#) - David A. Lopez Aff. ¶¶ 3-4.

Sampson fails to provide any reasonable evidentiary basis to support the assertion that Lambert failed a pre-employment polygraph.  Sampson's counsel merely states that it is her "understanding" he failed the polygraph.  In fact, the assertion appears to be false in light of Lambert's and Deputy Douglas County Attorney Timothy Dolan's representation that Lambert's pre-employment polygraph did not indicate deception.  Therefore, the court will strike the unsupported assertion and disregard the assertion when considering the defendants' Motion for Protective Order.

Additionally, prior to filing the motion to strike, the defendants asked Sampson to remove Sampson's brief, wherein Sampson makes the unsupported assertion.

Sampson refused, thus the defendants filed the motion. The court finds defendants substantially complied with Rule 11 requirements before filing the motion.

B.   **Motion for Protective Order**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). However, the court has authority to limit the scope of discovery. ***Roberts v. Shawnee Mission Ford, Inc.***, 352 F.3d 358, 361 (8th Cir. 2003). To determine if a matter is discoverable, the analysis requires the court to first determine whether the sought discovery is relevant to a claim or defense. Accordingly, although limited, relevant evidence includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on" the claims or defenses of any party. ***Oppenheimer Fund, Inc. v. Sanders***, 437 U.S. 340, 351 (1978). A party may move for an order protecting disclosure or discovery, which is granted only upon a showing of good cause. **See** Fed. R. Civ. P. 26(c). The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. ***Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2***, 197 F.3d 922, 926 (8th Cir. 1999). After showing good cause, the court may forbid disclosure or discovery. **See** Fed. R. Civ. P. 26(c)(1)(A).

The court finds the information sought in Sampson's Request for Production No. 66 is not relevant or likely to lead to the discovery of relevant information. Sampson seeks this information "[t]o determine whether [Sampson's counsel's] understanding [that Lambert failed a pre-employment polygraph examination] was correct." **See** Filing No. 621 - Response p. 2. DCSO hired Lambert in 1993, more than ten years prior to the events underlying this matter. Lambert's employment file has no apparent relation to this matter, especially considering Lambert's file does not contain a failed polygraph report as suggested by Sampson's counsel. **See** Filing No. 632-1 - David A. Lopez Aff. ¶¶ 3-4 (representing Lambert's pre-employment polygraph did not indicate deception). Although Fed. R. Civ. P. 26 allows for broad discovery, it does not allow fishing expeditions. **See** ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1992) ("Rule 26(b) is liberal in scope and interpretation, . . . but should not be misapplied so as to allow fishing expeditions in discovery."). Accordingly,

**IT IS ORDERED**:

1. The defendants' Motion for Protective Order (Filing No. 593 in ***Sampson v. Schenck, et al.***, 8:07CV155; Filing No. 467 in ***Livers v. Schenck, et al.***, 8:08CV107) is granted. DCSO is not required to produce Lambert's employment file. The court will not enter a separate protective order.

2. The defendants' Motion to Strike Plaintiff Sampson's Brief in Opposition to Defendants' Motion for Protective Order and Affidavit in Support Thereof (Filing No. 630 in ***Sampson v. Schenck, et al.***, 8:07CV155; Filing No. 504 in ***Livers v. Schenck, et al.***, 8:08CV107) is granted to the extent stated in this order.

Dated this 30th day of May, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge