IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS SAMPSON,<br><br>               Plaintiff,<br><br>    v.<br><br>INVESTIGATOR WILLIAM LAMBERT, in his official and individual capacities, INVESTIGATOR CHARLES O'CALLAGHAN, in his official and individual capacities, SERGEANT SANDY WEYERS, in her official and individual capacities, CASS COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision, DOES 1-8, in their official and individual capacities, INVESTIGATOR EARL SCHENCK, in his official and individual capacities, DOUGLAS COUNTY SHERIFF'S OFFICE, DAVID W. KOFOED in his official and individual capacities,<br><br>               Defendants. | NO. 8:07CV155<br><br><br><br>ORDER |
| MATTHEW LIVERS,<br><br>               Plaintiff,<br><br>    v.<br><br>EARL SCHENCK, Cass County Sheriff's Investigator; WILLIAM LAMBERT, Nebraska State Patrol Investigator; CHARLES O'CALLAGHAN, Nebraska State Patrol Investigator; SANDRA WEYERS, Cass County Sheriff's Sergeant; CASS, COUNTY OF, Nebraska; DAVID KOFOED, Commander of the Douglas County Sheriff's Office Crime Scene Investigation Division; and TIM DUNNING, Sheriff of Douglas County,<br><br>               Defendants. | NO. 8:08CV107<br><br><br><br>ORDER |

This matter is before the court on the following motions: (1) plaintiff Matthew Livers's objection, Filing No. 395 in 8:08CV107, and plaintiff Nicholas Sampson's

objection, Filing No. 520 in 8:07CV155, to the magistrate judge's order, Filing No. 392 in 8:08CV107 and Filing No. 518 in 8:07CV155, on the defendants' motions to consolidate cases, Filing Nos. 485 and 488 in 8:07CV155, and Filing Nos. 375 and 378 in 8:08CV107; (2) plaintiff Sampson's objection, Filing No. 512 in 8:07CV155 to the magistrate judge's order, Filing No. 507 in 8:07CV155, granting the defendants' motion to compel examinations under Fed. R. Civ. P. 35, Filing No. 494 in 8:07CV155; (3) plaintiff Sampson's motion for leave to submit supplemental evidence and a brief in support of his objections to the magistrate judge's order compelling the Rule 35 examination, Filing No. 511 in 8:08CV107 and Filing No. 637 in 8:07CV155; (3) plaintiff Sampson's motion to take judicial notice, Filing No. 433 in 8:08CV107 and Filing No. 561 in 8:07CV155; defendants Lambert's and Callahan's motion to strike plaintiff Sampson's motion for judicial notice, Filing No. 444 in 8:08CV107 and Filing No. 571 in 8:07CV155; and plaintiff Sampson's motion in limine regarding polygraph evidence, Filing No. 522 in 8:07CV155.

This is an action for violation of civil rights under 42 U.S.C. § 1983. It arises out of the arrests of Nicholas Sampson and Matthew Livers in connection with a double homicide investigation and subsequent release after someone else confessed to the murders.

The court finds as follows:

### 1. Plaintiff Matthew Livers's objection to the magistrate judge's order on the defendants' motions to consolidate cases

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B).

*Gomez v. United States,* 490 U.S. 858, 873-74 (1989); see also Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).

The defendants moved to consolidate and both plaintiffs opposed the motion. The magistrate judge found that the threshold question of whether the cases involve a common question of law or fact had been satisfied and that plaintiffs will not suffer unfair prejudice from consolidation. Further, the magistrate judge found the differences between the two plaintiffs' theories of liability, if any, would not so confuse the jury as to prevent the jury from giving each plaintiff's claims the proper attention. Further, he found that appropriate jury instructions could be crafted to alleviate any potential confusion.

In his objection, plaintiff Livers argues that there is a significant risk that consolidation of the Livers and Sampson cases could lead to unfair prejudice against Mr. Livers because Mr. Sampson and Mr. Livers have developed potentially incompatible theories of liability for trial in their separate cases. Livers asserts that Sampson's principal theory of liability is that Livers's confession did not furnish probable cause for Sampson's arrest—because the confession was unreliable, whereas one of Livers's central claims is that the confession was extracted involuntarily in the course of a conscience-shocking interrogation. Further, Livers argues that each plaintiff's Fourth Amendment claim is distinct—Livers argues that he was unconstitutionally seized the morning before his confession and Sampson contends that his arrest, which took place after Livers's confession, was not supported by probable cause. Livers also argues

that, because the cases were severed earlier in the litigation, the two plaintiffs have pursued both fact and expert discovery independently and without any coordination, and have not generally attended depositions in each other's case. Further, he argues that he will be prejudiced if the jury is required to sit through potentially lengthy policy and practice evidence that does not apply to him and further prejudiced by the presence of two plaintiffs incarcerated for a similar length of time, which could leave the jury to conclude that similar damages awards are appropriate. Livers contends the presentation of the evidence at a joint trial will be protracted, disjointed, and duplicative, to the potential prejudice of all parties.

The court has reviewed the parties' positions and finds no error in the magistrate judge's ruling. The court finds all of these potential problems can be handled through proper instructions to the jury. Most of Livers's fears are conjectural and premature. The court will assess any possible prejudice at trial and can craft a remedy at such time as any material issues arise.

### 2. Plaintiff Sampson's objection to the magistrate judge's order granting the defendants' motion to compel a Rule 35 examination and motion to submit additional evidence in connection therewith

The court first finds in the interest of justice that the motion to present additional evidence should be granted. The evidence consists of psychiatric evaluation reports on plaintiff Livers and Sampson's responses to requests for admission. See Filing No. 637, Exs. A & B. The defendants argue that the evidence is untimely and should have been submitted in opposition to the motion to compel at the time the motion was presented to the magistrate judge. The court finds the defendants have not been prejudiced by the

4

admission of the evidence. The court has considered the additional evidence to the extent it is relevant.

The defendants moved to compel an examination under Fed. R. Civ. P. 35 by Dr. Terry Davis and Dr. Rosanna Jones-Thurman. Defendants stated in their motion that they seek the evaluation for the purpose of assessing the conditions for which Sampson is seeking damages and that the evaluation and testing was to be conducted by Dr. Terry Davis and Dr. Rosanna Jones-Thurman. The plaintiff resisted the motion, arguing that the examination is a pretext to generate evidence against Sampson in order to reopen the criminal case. Sampson proposed that as safeguards he should be allowed to have his criminal defense attorney, Jerry Soucie, present at the examination and should receive a grant of immunity from prosecution from the Nebraska Attorney General and the Cass County Attorney.

The magistrate judge found that Sampson had placed his mental health at issue and found that the defendants had properly limited the scope of the requested examination to assessing the conditions for which he is seeking damages, his claimed past and ongoing pain and suffering and mental anguish, and to administering the MMPI II (Minnesota Multiphasic Personality Inventory 2), the MCMI-3 (Millon Clinical Multiaxial Inventory III) and the Victoria Symptom Validity Test. Filing No. 507 in 8:07CV155, Order at 3.

In his objection to the magistrate judge's ruling, Sampson states that since the entry of the order at issue, Sampson has withdrawn his intent to offer expert testimony on his emotional distress damages claim. Sampson initially disclosed a psychologist, Dr. Skulsky, as an expert, but will now rely on lay witness testimony to establish

5

emotional distress damages. See Filing No. 508 in 8:07CV155, Notice of Withdrawal of Witness. Sampson also argues that the magistrate judge did not address his contention that the Rule 35 examination is a pretext to generate evidence to use to prosecute Sampson. He argues that the defendants continue to maintain that the case against Sampson is open and that Sampson and Livers were involved in the murders. He states that neither the Cass County Attorney nor the State of Nebraska have offered Sampson immunity in connection with their request for a Rule 35 examination. Sampson also argues that the defendants have failed to specify the scope of the examination and failed to demonstrate good cause for the requested scope.

In response, defendants argue that Sampson has clearly placed mental anguish and emotional injuries at issue in this case, and forgoing expert testimony does not obviate the need for a Rule 35 exam since the plaintiff still intends to present evidence in the form of lay witness testimony. Defendants also submit the affidavits of the Cass County Attorney and Chief Deputy Cass County Sheriff Bradley Lahm, stating that they did not authorize, ask or direct Dr. Davis and Dr. Thurman to conduct any criminal investigations into the Stock homicides on behalf of their respective offices. *See* Filing No. 504.

Under 28 U.S.C. § 636(b)(1)(A), the court has reviewed the parties' submissions and finds that Sampson has not shown that the magistrate judge's finding is clearly erroneous or contrary to law. Although the magistrate judge did not explicitly discuss Sampson's contentions of a nefarious purpose for the examinations, his rejection of the theory is implicit in his holding. Although the court does not afford much weight to the affidavits purporting to show lack of any such intent, there is no evidence at all to

6

support Sampson's theory. If any such situation were to arise, the court could address the issue at that point. The magistrate judge similarly rejected the plaintiff's purported safeguards.

The court agrees with the magistrate judge's findings that the plaintiff has placed his mental condition at issue and the defendants have furnished proper notice of the time, place, manner, conditions and scope of the examinations. Accordingly, the court finds Sampson's objection to the magistrate judge's order granting the defendants' motion to compel should be granted. However, plaintiff's counsel shall be allowed to attend the evaluation(s).

### 3. Plaintiff Sampson's motion to take judicial notice; defendants Lambert's and Callahan's motion to strike that motion; and plaintiff Sampson's motion in limine regarding polygraph evidence[1]

Sampson moves for an order judicially noticing that the polygraph examination was not administered to plaintiff Sampson until after his arrest. Sampson states that, to his knowledge, no defendant disputes that a polygraph examination was not administered to Sampson until after his arrest. Defendants argue that the fact is not properly the subject of judicial notice.

Although the court is not convinced that judicial notice is the appropriate vehicle to establishing this fact, it is difficult for the court to rule on such a motion in the context of a pretrial motion. Resolution of the issue should await factual development at trial. The court finds it sufficient to deny the request and sees no need to strike it. Accordingly the court finds the defendants' motion to strike should be denied and

---

[1] Defendants Schenck, Weyers, and the Cass County Sheriff's Office join defendants Lambert and O'Callaghan in opposing the motion. See Filing No. 457 in 8:08CV107.

plaintiff Sampson's motion for judicial notice should be denied without prejudice to reassertion at trial.

In his motion in limine, plaintiff Sampson asks the court to exclude all evidence relating to any polygraph examinations given during the course of the investigation of the Stock homicides, arguing that the polygraph evidence is unreliable and inadmissible. Sampson contends any possible probative value of polygraph evidence, which is slight at best, is substantially outweighed by the unfair prejudice, by the amount of time necessary to present the evidence, and by its potential to mislead or confuse the jury. In opposition to the motion, the defendants argue that the polygraph evidence is admissible in some circumstances. At issue are several polygraph examinations that various law enforcement agencies took in connection with the Stock murder investigation, as well as the polygraph examination of defendant David Kofoed. *See* Filing No. 524, Index of Evid., Exs. 1-15 in 8:07CV155.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of

the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley,* 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Also, the purposes for which any such evidence would be offered are not clear. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The present motion is more in the nature of an objection. The court finds the motion can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. If admitted, the plaintiff's concerns would likely warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. Accordingly, the court finds that the motion in limine should be overruled at this time, without prejudice to its reassertion via timely objection to the admissibility of such evidence at trial.

Accordingly,

IT IS ORDERED:

1.   Plaintiff Matthew Livers's objection (Filing No. 395 in 8:08CV107) and plaintiff Nicholas Sampson's objection (Filing No. 520 in 8:07CV155) to the magistrate judge's order on consolidation are denied.

2.   The magistrate judge's order (Filing No. 392 in 8:08CV107 and Filing No. 518 in 8:07CV155) is affirmed in all respects.

3.  Plaintiff Sampson's objection (Filing No. 512 in 8:07CV155) to the magistrate judge's order (Filing No. 507 in 8:07CV155) is denied.

4.  The order of the magistrate judge compelling a Rule 35 examination (Filing No. 507 in 8:07CV155) is affirmed in all respects.

5.  The Rule 35 examinations shall be scheduled as soon as practicable; defendants are granted 30 days from the date of the Rule 35 examinations in which to submit the expert witness reports of Dr. Davis and Dr. Thurman.

6.  Plaintiff Sampson's motions for leave to submit supplemental evidence/brief in support of its statement of objections to the magistrate judge's order on the Rule 35 examinations (Filing No. 511 in 8:08CV107 and Filing No. 637 in 8:07CV155) are granted and the evidence and briefs are deemed filed instanter.

7.  Plaintiff Sampson's motion to take judicial notice (Filing No. 433 in 8:08CV107 and Filing No. 561 in 8:07CV155) is denied without prejudice to reassertion.

8.  Defendants Lambert's and Callahan's motions to strike plaintiff Sampson's motion for judicial notice (Filing No. 444 in 8:08CV107 and Filing No. 571 in 8:07CV155) are denied.

9.  Plaintiff Sampson's motion in limine regarding polygraph evidence (Filing No. 522 in 8:07CV155) is denied without prejudice to reassertion at trial.

10.     The clerk of court is directed to file this order in the Lead Case, No. 8:07CV155, and to select the option "yes" in response to the System's question whether to spread the text.

DATED this 12th day of June, 2013.

                        BY THE COURT:

                        s/ Joseph F. Bataillon
                        United States District Judge