IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS SAMPSON,<br><br>              Plaintiff,<br><br>   v.<br><br>INVESTIGATOR WILLIAM LAMBERT, in his official and individual capacities, INVESTIGATOR CHARLES O'CALLAGHAN, in his official and individual capacities, SERGEANT SANDY WEYERS, in her official and individual capacities, CASS COUNTY SHERIFF'S OFFICE, a Nebraska political subdivision, DOES 1-8, in their official and individual capacities, INVESTIGATOR EARL SCHENCK, in his official and individual capacities, DOUGLAS COUNTY SHERIFF'S OFFICE, DAVID W. KOFOED, in his official and individual capacities,<br><br>              Defendants. | NO. 8:07cv155<br><br><br><br>ORDER |
| MATTHEW LIVERS,<br><br>              Plaintiff,<br><br>   v.<br><br>EARL SCHENCK, Cass County Sheriff's Investigator; WILLIAM LAMBERT, Nebraska State Patrol Investigator; CHARLES O'CALLAGHAN, Nebraska State Patrol Investigator; SANDRA WEYERS, Cass County Sheriff's Sergeant; COUNTY OF CASS, Nebraska; DAVID KOFOED, Commander of the Douglas County Sheriff's Office Crime Scene Investigation Division; and TIM DUNNING, Sheriff of Douglas County,<br><br>              Defendants. | No. 8:08cv107<br><br><br><br>ORDER |

      This matter is before the court on plaintiff Nicholas Sampson's objection, Filing No. 663 in 8:07CV155 and Filing No. 537 in 8:08CV107, to the magistrate judge's order, Filing No. 657

in in 8:07CV155 and Filing No. 537 in 8:08CV107, granting the defendants' motion to strike, Filing No. 630 in 8:07CV155; Filing No. 504 in 8:08CV107.

Sampson argues that the magistrate judge's order essentially equates to a Fed. R. Civ. P. 11 order finding plaintiff's counsel subject to sanctions.  Plaintiff Sampson objects to the magistrate judge's finding that the defendants substantially complied with Fed. R. Civ. P. 11 requirements before filing their motion to strike.  The plaintiff contends that the defendants failed to comply with the 21-day mandatory "safe harbor" provided in Fed. R. Civ. P. 11(c)(2).

On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a).  The court does not agree with the plaintiff's characterization of the magistrate judge's order as Rule 11 sanction order.  It appears to the court that striking the unsupported assertions was appropriate.  The court finds the plaintiff has not shown the that magistrate judge's order is clearly erroneous or contrary to law.  Accordingly,

IT IS ORDERED that plaintiff Nicholas Sampson's objection (Filing No. 663 in 8:07CV155 and Filing No. 537 in 8:08CV107) to the magistrate judge's order is overruled.

DATED this 1st day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge