IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NICHOLAS SAMPSON,<br><br>                    Plaintiff,<br><br>     vs.<br><br>DAVID W. KOFOED, in his official and individual capacities,<br><br>                    Defendant. | **8:07CV155**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on the plaintiff's motion for partial summary judgment, Filing No. 773. This is a civil rights action under 42 U.S.C. § 1983, in connection with a murder investigation and the arrest and subsequent detention of the plaintiff. Salient facts are set forth in this court's prior orders and in the Eighth Circuit Court of Appeals ruling on qualified immunity. *See* Filing No. 772, Memorandum and Order at 7-9; Filing No. 458, Memorandum and Order at 4-7; Filing No. 478, Eighth Circuit opinion; *Livers v. Schenck*, 700 F.3d 340, 344-49 (8th Cir. 2012).

      This action had been consolidated for discovery and trial with the case of *Matthew Livers v. Earl Schenck*, No. 8:08CV107 (D. Neb.). Filing No. 518 and Filing No. 664, Orders. The action has been settled with respect to all defendants except David Kofoed. *See* Filing No. 772, Order at 2. Kofoed is proceeding *pro se*. Filing No. 346, text minute entry (granting former counsel's motion to withdraw). On September 13, 2013, the court granted the plaintiff's motion to stay the proceedings pending the outcome of the trial in the *Livers* case, and for a partial severance. Filing No. 649, Order. The *Livers* case was set for trial on October 22, 2013. *See Livers*, No. 8:08CV107, Filing No. 667, Pretrial Order at 8.

Shortly before the trial, Livers settled with all of the defendants in that case except David Kofoed. *See id.*, Filing No. 724, Order; Filing No. 723, unopposed motion to dismiss; Filing No. 725, Transcript (Tr.) at 3. At a hearing on the day the trial was scheduled to begin, the court stated on the record that Kofoed had been notified that trial of the matter was to begin that day, but he failed to appear. *See id.,* Filing No. 725, Tr. at 4-5. Further, the court noted that Kofoed had not filed an answer to the second amended complaint, nor did he appear at the pretrial conference. *Id.* As a result, the court entered a default judgment of liability against defendant Kofoed in the *Livers* case. *Id.,* Filing No. 716, Order. The court takes judicial notice of the record in the *Livers* case. *See Livers*, No. 8:08CV107, Filing Nos. 1 - 725.

Plaintiff Sampson seeks a similar judgment on liability against Kofoed in this case. In support of his motion, he submits the evidence offered in summary judgment proceedings on August 16, 2010, and on July 2, 2013, Filing No. 399, Filing No. 400, Filing No. 679, & Filing No. 680. Filing No. 774, Index of Evid.

The record shows that defendant Kofoed was served electronically with the present motion, but has not responded. The uncontroverted evidence submitted by the plaintiff establishes that Kofoed planted evidence in the homicide investigation at issue and conspired with others to fabricate evidence and to falsely implicate the plaintiff in the murders. *See, e.g.*, Filing No. 679-27, Ex. 27, Verdict, *State v. Kofoed*, No. CR 09-40 (Cass County, Nebraska, District Court March 23, 2010) (reciting extensive factual findings). He was convicted in state court of tampering with physical evidence, a felony. *Id.; see* Filing No. 478 at ECF p. 15, Eighth Circuit Opinion. Accordingly, the court finds the uncontroverted record shows that the plaintiff is entitled to a judgment of liability

2

against defendant Kofoed in this case.  As prevailing party, the plaintiff is entitled to an award of attorney fees.  The plaintiff will be afforded an opportunity to establish the nature and extent of his damages, and the amount of his attorney fees.

THEREFORE, IT IS ORDERED:

1. The plaintiff's motion for partial summary judgment ([Filing No. 773](#)) is granted.

2. Judgment is entered in favor of the plaintiff and against defendant David Kofoed on all issues of liability; a judgment for damages and attorney fees will be entered at a later date.

3. The plaintiff shall file a brief and any additional evidence with respect to damages and attorney fees within two weeks of the date of this order.

4. Defendant Kofoed shall have 14 days thereafter to respond to the plaintiff's showing, at which time the matter will be deemed submitted.

5. The Clerk of Court is ordered to mail this Order to defendant Kofoed to both his CM/ECF address and to his last known address:

>  6000 Birkdale Valley Drive, Apartment 127
>  Charlotte, NC 28277

DATED this 21st day of January, 2014.

> BY THE COURT:
>
> s/ Joseph F. Bataillon
> United States District Judge